## WELLS et al. v. HONIGMANN.

(Court of Appeals of District of Columbia. Submitted March 12, 1920. Decided June 2, 1920.)

No. 1257.

1. Patents ☞110—Party held not estopped from making claim by reason of disclaimer.

Parties filing a renewal application after forfeiture of original application were not estopped from making claims in issue by a disclaimer of claims on the original application, where the public or third persons had not come into possession of invention.

2. Patents ☞87—No abandonment shown.

In an interference proceeding, where a renewal application was filed, *held*, that there was no proof adduced from which an abandonment, after forfeiture of the original application, could be inferred.

3. Patents ☞83—Mere issuance of patent during period of forfeiture raises no presumption of abandonment.

The mere issuance of a patent to another will not interfere with the rights of an inventor during the period of forfeiture provided by Rev. St. § 4897 (Comp. St. § 9443), except on the single ground of abandonment as a matter of fact.

Appeal from a Decision of the Commissioner of Patents.

Interference proceeding between Pierson L. Wells and another and Hans Honigmann. From a decision of the Commissioner, awarding priority of invention to the latter, the former appeal. Reversed.

Melville Church, of Washington, D. C., for appellants.

A. S. Pattison, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents awarding priority of invention to appellee Honigmann. The counts involved in the appeal relate to certain improvements in printing presses. It is unnecessary to set out the counts or explain the invention, since the appeal turns upon questions of law.

The application here involved was filed September 2, 1914, by Frederick W. Hunter and the estate of Pierson L. Wells, deceased. It is a renewal of an application filed by Wells and Hunter December 16, 1907, and allowed September 28, 1912, but which became forfeited March 28, 1913. On December 1, 1914, the Patent Office called to the attention of Wells and Hunter certain claims of a patent issued to Honigmann on October 7, 1913. Wells and Hunter promptly adopted the claims, and the present interference was declared.

Honigmann's alleged date of conception was subsequent to the date of the original Wells and Hunter application. Hence he was ordered to show cause why priority should not be awarded Wells and Hunter on the face of the record. Honigmann responded with a motion to dissolve the interference, on the ground that Wells and Hunter could not make the claims. This motion was denied by the Law Examiner, and, upon final hearing before the Examiner of Interferences, priority was awarded to Wells and Hunter.

An appeal was taken to the Board of Examiners in Chief. But

after argument, and before decision was reached, Honigmann filed a motion for reargument. The case had been submitted upon the single ground of the right of Wells and Hunter to make the claims, but the motion contested their right to make the claims, in view of a disclaimer filed February 8, 1910, of certain claims in the original application, and on the further grounds of abandonment, because the Wells and Hunter application had remained in a forfeited condition for 23 months, and laches, in that Wells and Hunter did not adopt the claims of the Honigmann patent until more than a year had elapsed after the issue of the patent. Reargument was granted, and the board held that Wells and Hunter had a right to make the claims, and that such right was not affected by the disclaimer. On the grounds of abandonment and laches the holding was in favor of Honigmann. On motion of Wells and Hunter, the Commissioner of Patents remanded the case to the Examiner of Interferences to take testimony on the questions of abandonment and laches.

The examiner, on the testimony taken, decided the case adversely to Wells and Hunter on the issues of abandonment and laches. On appeal, the Board of Examiners in chief reaffirmed their previous decision, holding that Wells and Hunter had the right to make the claims and were not barred by the disclaimer or guilty of laches, but affirmed the examiner on the ground that there had been an abandonment between the forfeiture of Wells and Hunter's original application and the filing of the renewal.

On appeal, the Commissioner held that the issuance of the Honigmann patent during the time the Wells and Hunter application remained forfeited amounted to abandonment of their right to give the renewal application the benefit of the filing date of the original application as a date of constructive reduction to practice, and further that they were guilty of laches in not making the claims of the Honigmann patent until 17 months after its issue.

[1] We agree with the tribunals below in holding that Wells and Hunter have a right to make the claims in issue, and that they are not estopped from making the claims of the present issue by the disclaimer of February 8, 1910. The Commissioner, holding the disclaimed claims broader than the counts of the issue, and therefore not a bar, declared:

That the "disclaimed matter is in broader terms than the counts, and although this broad invention might have been made by Wells alone, that does not negative the proposition that the more specific subject of the issue was invented by Wells and Hunter jointly; but, even if the disclaimer had covered the identical invention, that would not prevent Wells and Hunter from recalling and canceling the disclaimer, provided it was done before the public or a third party came into possession of the invention, and as pointed out by the Examiners in Chief Wells and Hunter in filing their preliminary statement, as well as in their act of making these claims, would have set aside the effect of this disclaimer, even if the disclaimer had reached to the subject-matter of the counts, which it did not for reasons before pointed out."

We come now to the more difficult question of forfeiture or abandonment. It appears that Wells and Hunter permitted their application to become forfeited on March 28, 1913. A renewal application was filed September 2, 1914, about 23 months from the date of

the allowance of the original application. Abandonment is predicated upon the delay in filing the renewal, and also upon the fact that the Honigmann patent was issued during the period when the Wells and Hunter application remained forfeited. Section 4897, Rev. Stat. U. S. (Comp. St. § 9443), provides:

"Any person who has an interest in an invention or discovery, whether as inventor, discoverer, or assignee, for which a patent was ordered to issue upon the payment of the final fee, but who fails to make payment thereof within six months from the time at which it was passed and allowed, and notice thereof was sent to the applicant or his agent, shall have a right to make an application for a patent for such invention or discovery the same as in the case of an original application. But such second application must be made within two years after the allowance of the original application. But no person shall be held responsible in damages for the manufacture or use of any article or thing for which a patent was ordered to issue under such renewed application prior to the issue of the patent. And upon the hearing of renewed applications preferred under this section, abandonment shall be considered as a question of fact."

[2] It is clear that Wells and Hunter had 2 years from the date of the allowance of the original application to file a renewal, subject to the single condition of abandonment, which, however, can only "be considered as a question of fact." It is not seriously contended that the evidence discloses any intention on the part of Wells and Hunter to abandon their invention. The original application was forfeited upon the advice of counsel, and during the period of forfeiture one Merrick, who contracted with Hunter and the Wells estate for an interest in the patents to be secured, was engaged in bringing the machine into marketable form. Though Merrick seems to have made slow progress, Hunter and one Watson, on behalf of the Wells estate, were constantly urging Merrick to speedier action. No proof has been adduced from which the intention of abandonment can be inferred.

[3] The tribunals below also based their finding of abandonment upon the fact that during the period of forfeiture Honigmann's patent was issued. Wells and Hunter are here standing upon an affirmative statutory right, of which they cannot be divested, except in a way provided in the statute. In Cutler v. Leonard, 31 App. D. C. 297, this court, considering the rights conferred by section 4897, said:

"This right can be taken away only by a finding of abandonment, which, the statute ordains, must be determined as a question of fact. Where an affirmative right is conferred by law, we think a finding of abandonment must be predicated [upon] facts and circumstances warranting such a finding, and not upon mere presumption."

Speaking generally of the rights conferred by Congress upon inventors through the patent statutes, the court, in United States v. Telephone Co., 167 U. S. 224, 17 Sup. Ct. 809, 42 L. Ed. 144, said:

"A party seeking a right under the patent statutes may avail himself of all their provisions, and the courts may not deny him the benefit of a single one. These are questions not of natural but of purely statutory right. Congress, instead of fixing 17, had the power to fix 30, years as the life of a patent. No court can disregard any statutory provisions in respect to these matters on the ground that in its judgment they are unwise or prejudicial to the interests of the public."

This is not the case of a secreted invention brought to light by the issuance of a patent to another, as in Mason v. Hepburn, 13 App. D. C. 86. There the first inventor was not protected by an express statutory period, as in the present case. The mere issuance of a patent to another will not interfere with the rights of an inventor during the period of forfeiture provided by section 4897, except upon the single ground of abandonment as matter of fact, which does not appear in this case.

But the Commissioner held Wells and Hunter estopped under our decisions in Rowntree v. Sloan, 45 App. D. C. 207, and Wintroath v. Chapman, 47 App. D. C. 428. Our position in these cases has been rejected by the Supreme Court in the recent case of Chapman v. Wintroath, 252 U. S. 126, 40 Sup. Ct. 234, 64 L. Ed. 491. In these cases we held that, where an original application discloses, but does not claim, matter contained in a later patent, the time for filing a divisional application should be limited to one year by analogy to the time fixed for filing amendments. R. S. U. S. § 4894 (Comp. St. § 9438). This time was extended to 2 years by the higher court, by analogy to other statutes which were regarded as more pertinent.

There was, however, no basis here for the application of the Rowntree Case, since the statute (section 4897) expressly gives 2 years within which a renewal application may be filed. Hence there is no room for the rule of analogy. At the date of filing the renewal, less than 2 years had elapsed from the allowance of the original application, and, as abandonment in fact has not been established, Wells and Hunter were well within their statutory rights.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required.

Reversed.