## REPLOGLE v. KIRBY.

(Court of Appeals of District of Columbia. Submitted November 15, 1920. Decided January 3, 1921.)

No. 1327.

1. Patents ⊙⟶91 (1)—Junior applicant, filing after senior patent issues, has heavy burden of proof.

An applicant, who filed his application two months after an interfering patent was issued, has a very heavy burden to establish his priority.

2. Patents ⊙⟶91 (4)—Evidence held to show junior applicant first conceived invention.

In a patent interference proceeding, evidence held to show that the junior applicant, whose application was not filed until two months after the issuance of patent to the senior applicant, was the first to conceive the invention in issue, and that he reduced his conception to practice and commercial exploitation with reasonable diligence.

3. Patents ⊙⟶109—Junior applicant has two years within which to copy claim of senior application.

The junior applicant has two years after the issuance of the senior patent within which to copy the claim in issue from the senior patent without being estopped to claim priority.

Appeal from the Commissioner of Patents.

Interference proceeding between Daniel Benson Replogle and James B. Kirby, as assignee of Shujei Noguchi. From a decision of the Commissioner of Patents, awarding priority to Noguchi, Replogle appeals. Reversed.

Daniel Benson Replogle, of Berkeley, Cal., in pro. per.
Harold E. Smith, of Cleveland, Ohio, for appellee.

VAN ORSDEL, Associate Justice. Appeal by Replogle from the decision of the Commissioner of Patents awarding priority to Noguchi for an invention relating to dust collectors for pneumatic cleaning devices as defined in the following count:

"A porous paper bag adapted to be secured to the discharge pipe of a pneumatic cleaner, in combination with a mesh bag adapted to loosely envelop the paper bag, and means for securing the bags to the discharge pipe."

[1] Noguchi was granted a patent May 9, 1916, upon an application filed May 1, 1914. Replogle filed his application July 5, 1916. It will be observed that Noguchi's patent was issued over two months before his opponent filed. This, of course, casts a very heavy burden upon the junior party, Replogle. Noguchi took no testimony, but relied upon his filing date for his date of conception and reduction to practice.

[2] It appears that Replogle made and tested the device in issue in March, 1914. This, we think, is conclusively established by the testimony. The Board of Examiners in Chief, in a very able opinion in which we concur, after a full review of the evidence, reached the following conclusion:

"We must hold, therefore, that Replogle was the first to conceive the invention in issue, and that he followed his conception with a final reduction to practice and commercial exploitation of his invention with reasonable and commendable diligence. Therefore, Replogle is entitled to prevail unless he has in some manner become estopped from receiving a patent with the claim in issue."

[3] The Board, however, decided against Replogle on the ground of estoppel, in that he had not copied the claim in issue from the Noguchi patent until fifteen months after the patent was issued. This ruling was based upon the cases of Rowntree v. Sloan, 45 App. D. C. 207, and Wintroath v. Chapman, 47 App. D. C. 428, in which we held that such an amendment must be made within one year. Since the present case left the Patent Office, the Supreme Court has reversed this court, extending the period to two years. Chapman v. Wintroath, 252 U. S. 126, 40 Sup. Ct. 234, 64 L. Ed. 491. Therefore, Replogle's amendment incorporating the claim of the issue into his application was timely, and the rule of estoppel does not apply.

With this obstacle removed, we adopt the opinion of the Board of Examiners in Chief, and hold that Replogle is entitled to the award of priority.

The decision is reversed.

Reversed.

The cost of printing the return to certiorari will be paid by the appellee, Kirby.