## RANSDALL v. JAHNS.

(Court of Appeals of District of Columbia. Submitted March 22, 1921. Decided May 2, 1921.)

### No. 1416.

**1. Patents ⊕═112(4)—Senior applicant derives no benefit in interference from allowance while junior application was pending.**

The senior applicant derives no benefit in interference proceedings from the granting to him of the patent, when the junior application was pending at the time the patent was granted.

**2. Patents ⊕═109—Claims taken from interfering application 20 months after application are in time.**

The prior inventor does not lose his rights by delay in taking the claims in issue from the application of the other party for 20 months after that application was filed and 15 months after the prior inventor had knowledge thereof, since such claims were taken well within the 2-year period allowed by the rule, as construed by the Supreme Court.

**3. Patents ⊕═106(2)—Prior, but less efficient, disclosure of counts in issue, is sufficient.**

A disclosure of the counts in issue by the prior inventor is sufficient to sustain his rights in interference proceedings, though his disclosure was less efficient than that of the subsequent inventor.

Appeal from the Commissioner of Patents.

Interference proceeding between Harry W. Ransdall and William H. Jahns. From a decision of the Commissioner of Patents in favor of Jahns, Ransdall appeals. Affirmed.

E. W. Bradford, of Washington, D. C., for appellant.

Jos. H. Milans and Calvin T. Milans, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. The invention in interference relates to leak-proof piston rings, described in the opinion of the Board of Examiners in Chief as follows:

"The invention at issue relates to leak-proof piston rings and includes an inner slip expander ring having outer inclined faces and being of a width to fill the opening of the groove in a piston. Outer triangular split metal packing rings fit the inclined faces of the inner ring and are of thin cross-section, so as to be forced into contact with the wall of the cylinder by the expander ring."

[1] Appellant, Ransdall, filed his application December 31, 1914, on which a patent was granted April 4, 1916. Appellee, Jahns, filed his application May 10, 1915. Appellant, the senior party, derives no benefit in this proceeding from the granting of the patent, since, when it was granted, the Jahns application was pending.

[2] The finding below that Jahns conceived the invention and reduced it to practice before Ransdall came into the field is clearly supported by the evidence. The claims in issue were taken by Jahns from the Ransdall patent almost 20 months after the patent was issued, and 15 months after Jahns admits that he had notice of the patent. It was claimed below that Jahns should be held estopped to contest the in-

terference for failure to make the claims of the patent within the time limited by the rule controlling this procedure in the Patent Office. But Jahns was well within the 2-year period, the limitation recently fixed by the construction placed upon the rule in Chapman v. Wintroath, 252 U. S. 126, 40 Sup. Ct. 234, 64 L. Ed. 491.

[3] Ransdall sought, by a belated motion to dissolve, to challenge Jahn's right to make the claims, on the ground that they did not read upon his original disclosure. Notwithstanding the delay in filing the motion, which 'technically disposes of the contention, we have investigated this point, and conclude upon the testimony that while, perhaps, the Ransdall device was more efficient, nevertheless the Jahns rings, constructed in compliance with his disclosure, were operative, and came within the counts of the issue. This is all that is required, since we are not basing our opinion upon a competitive test of efficiency. The present claims read upon Jahns' original disclosure as set forth in his application, and this entitles him to priority.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.