## WAHL. v. MAIN.

(Court of Appeals of District of Columbia. Submitted March 15, 1922. Decided April 3, 1922. Rehearing Denied April 29, 1922.)

No. 1485.

1. **Patents ⊚⟾83—Original application, containing subject-matter disclosed, but not claimed, in prior application, must be made within two years after patent to another.**

Where an application for a patent disclosed, but did not claim, an invention subsequently patented to another, the original applicant must file his original application, making such claim, within two years after the issuance of the other patent, unless the delay is excused, by analogy to the statute of public use (Rev. St. § 4886 [Comp. St. § 9430]).

2. **Patents ⊚⟾106(2)—Whether public knowledge of invention prevents patent to party entitled to priority cannot be determined in interference proceedings.**

Whether the party entitled to priority in interference proceedings had knowledge of the invention disclosed in a prior application, which did not claim it, so as to prevent the issuance of a patent to him, is a question which cannot be decided in interference proceedings.

Appeal from the Commissioner of Patents.

Interference proceeding between John C. Wahl and Fred F. Main. From a decision of the Commissioner of Patents, awarding priority to Main, Wahl appeals. Affirmed.

See, also, Wahl v. Barrett, 50 App. D. C. 391, 273 Fed. 355; Same v. Wright, —— App. D. C. ——, 273 Fed. 766; Id., —— App. D. C. ——, 276 Fed. 455.

Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., for appellant.

B. C. Stickney and William L. Morris, both of New York City, for appellee.

VAN ORSDEL, Associate Justice. This appeal is from a decision of the Commissioner of Patents awarding priority of invention to appellee, Main. Main filed his application November 12, 1910, upon which a patent was issued January 2, 1912. Wahl filed his application May 23, 1911.

The invention relates to combined typewriting and computing machines, the object of which is to provide a computing mechanism, operable from the numeral keys, and so connected with the carriage of the typewriter, that computation may be effected as the typewriter prints in any column. It is unnecessary to consider the mechanism, since the appeal can be disposed of upon questions of law.

Wahl reduced the invention to practice as early as April 1, 1910, in what has been designated as "the Jacobson Machine." This is prior to any date which can be accorded Main. The same invention was considered by this court in the case of Wahl v. Wright (Nov. 7, 1921) —— App. D. C. ——, 276 Fed. 455. In that case, the court affirmed the findings of the tribunals of the Patent Office that the Jacobson machine constituted a reduction to practice. The same holding has

⊚⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

been made by the Examiner and Board of Examiners in Chief in the present case, and in this we again concur.

[1] Wahl failed to make the counts of the present issue in his original application, but attempted, almost 4½ years after the issue of the Main patent, to copy the counts from Main's application. No excuse is offered by Wahl for his delay in copying the claims. The tribunals below, therefore, held Wahl estopped to make the claims under the holding in Chapman et al. v. Wintroath, 252 U. S. 126, 40 Sup. Ct. 234, 64 L. Ed. 491. In that case it was held that, where an application discloses an invention, which was not claimed by the inventor until the invention was later patented to another, the original inventor is allowed two years, after the issue of such intervening patent, within which to file a second or divisional application claiming the invention. The allowance of this period of two years by the court was made by analogy to the statute of public use. R. S. § 4886 (Comp. St. § 9430). Wahl undoubtedly would have had the right to make these claims at any time within two years from the issue of the patent to Main, but his failure to do so operates as an estoppel.

[2] But it is contended on behalf of Wahl that in no event can Main be awarded priority, since the Jacobson machine had been completed and knowledge thereof imparted to the public before Main came into the field. This, however, raises a question with which we are not concerned in this proceeding. Norling v. Hayes, 37 App. D. C. 169.

The decision of the Commissioner of Patents is affirmed. The costs incurred on the petition for certiorari to be paid by the moving party.