### LEONARD v. EVERETT.

(Court of Appeals of District of Columbia. Submitted May 10, 1922. Decided June 5, 1922.)

#### No. 1500.

1. Patents ⚖️106(2)—Two years' public use does not estop party from subsequently copying claims of patent issued within two years.

The fact that an apparatus, for which a patent application was pending, had been in public use for more than two years, does not estop the applicant from copying claims from an interfering application, the patent on which had been issued less than two years before he copied the claims.

2. Patents ⚖️106(2)—Party entitled to apparatus claims may make method claims, notwithstanding delay.

In interference proceedings involving both apparatus and method claims, where the senior party was entitled to make the apparatus claims,

he may also make the method claims, notwithstanding a delay of more than two years in copying such claims after another patent embodying them had been issued, where the method was an inherent part of the apparatus, and any one using the apparatus must use the method.

3. Patents ⬙113(7)—Concurrent decisions of Patent Office tribunals not disturbed, unless manifestly wrong.

Where the tribunals of the Patent Office unite in a conclusion as to priority in interference proceedings, the Court of Appeals will not disturb their action, unless manifestly wrong.

Appeal from the Commissioner of Patents.

Interference proceeding between Carolyn G. Leonard, as administratrix of the estate of Harry Ward Leonard, deceased, and Stephen W. Everett. From a decision of the Commissioner, awarding priority to Everett, Leonard appeals. Affirmed.

Clifton V. Edwards and Lawrence R. Sager, both of New York City, for appellant.

E. B. H. Tower, Jr., of Milwaukee, Wis., for appellee.

SMYTH, Chief Justice. In an interference between Leonard and Everett, the Commissioner awarded priority to the latter. The invention involved relates to a lighting system for vehicles, such as automobiles and railway cars, and comprises an electric generator and a storage battery. There are 39 counts, of which the first 15 are drawn to an apparatus, and the remainder to a process or method. We give counts 1 and 16 as typical:

1. The combination of a source of mechanical power capable of being varied from zero to a maximum speed, a dynamo armature adapted to be driven by said source, a storage battery, connecting means therefor, an electromagnetic winding in said connecting means, a vibratory switch element adapted to be vibrated between its open and closed positions in response to maximum and minimum current passing through said winding, and an electromagnetic winding for controlling the voltage generated by said armature; the current passing through said last-named winding being controlled by said switch element.

16. The method of charging a storage battery which consists in generating by magnetic induction unidirectional electric energy, and controlling the energy according to the amperage to vary the amperes from a certain minimum to a certain maximum, thereby producing rhythmic fluctuations in the battery charging energy, while maintaining the average effect of the current constant independently of the voltage of the battery.

The contest is between a patent to Leonard granted December, 1914, on an application filed April, 1913, which is a division of an application filed January, 1910, and a patent issued October, 1915, on an application filed January, 1910, on the one side, and an application of Everett filed January, 1906, on the other side. Leonard filed no preliminary statement. He is, therefore, confined for conception and reduction to practice to his earliest filing date, January, 1910. Everett, however, made all the counts of the interference as claims in his application filed in January, 1906; hence he is the senior party, and the burden of proof is on Leonard. The latter argues that Everett is estopped by public use from making the claims, and, even if he is not, that he has no right, for other reasons, to make them. Against him

are the three tribunals of the Patent Office, which awarded priority to Everett.

[1] The testimony fairly established that an apparatus substantially similar to Leonard's was in public use before January, 1910. Everett did not copy the claims from the Leonard patent until more than seven years thereafter, and because of this it is asserted by Leonard that, under the authority of Chapman v. Wintroath, 252 U. S. 126, 135, 40 Sup. Ct. 234, 64 L. Ed. 491, he is estopped from making the claims. We find nothing in that decision which warrants such a contention. It says that the only question with which the court was concerned related to the right of an inventor to file an application for a patent within two years after the invention had been patented in this country, and the court held that he had such right under the statute, and that it could not be taken from him while the statute existed.

The case of De Ferranti v. Harmatta, 50 App. D. C. 393, 273 Fed. 357, urged upon us as decisive of the point, does not help Leonard. In that case a patent had been issued to one Rietzel more than four years before De Ferranti made the claims embraced in the patent, and we held that, since they were not made within two years, they were barred. This is in perfect harmony with the rule announced in the Chapman Case. The mere fact that an invention is put into public use by a third party long after another person has filed his application for a patent on the same invention, and while his application is awaiting final action by the Office, does not bar the latter from claiming the invention. There is nothing in the Chapman Case, or in any other authority with which we are familiar, which holds to the contrary.

Everett copied the claims for the apparatus patent within two years after it had issued to Leonard. In this respect he was in time within the rule of the Chapman and De Ferranti Cases. See, also, Wahl v. Main, 51 App. D. C. 398, 280 Fed. 974.

[2] But he did not copy the method claims until two years and four months after the patent had issued, and because of this we are urged to hold that he is barred from making those claims. In disposing of this point the Examiner of Interferences said:

"The method is inherent in the apparatus and in considering the question of priority, which is the question before us, it is thought safe to say that the one who first invented the apparatus, first invented the method. In reality the invention is integral, although in mental conception it may be more broadly expressed in the method claims. Everett unquestionably has always had the basis for and subject-matter of the method in his application. With this view it would seem to be absurd to permit him to make the apparatus claims and not permit him to make the method claims."

The other tribunals, pursuing substantially the same line of reasoning, reached a like conclusion, and we agree with them.

[3] With respect to Everett's right to make the counts, there is much testimony of a highly technical character. Experts were called by both parties, and their testimony is very conflicting. The three tribunals of the Office concurred in holding that Everett could make the counts, and we see no reason for disagreeing with them. It is a rule that, where the tribunals of the Office unite in a conclusion relative to a matter such as we have here, this court will not disturb their

action, unless manifestly wrong. Chessin v. Klahn, —— App. D. C. ——, 281 Fed. 592, this day decided, and cases cited therein.

In response to a writ of certiorari issued on the motion of Everett the Patent Office certified to this court certain parts of the record which we find were immaterial to a decision of the question involved, and therefore the costs on the writ are assessed against Stephen W. Everett.

The decision of the Commissioner must be, and it is, affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice VAN ORSDEL in the hearing and determination of this appeal.