AMERICAN LAUNDRY MACHINERY CO. et al. v. PROSPERITY CO., Inc.

(District Court, N. D. New York. July 23, 1923.)

No. 417.

**Patents** ☞109—**Two-year limitation applies to divisional applications.**

The two-year limitation for the filing of applications, under Rev. St. § 4886 (Comp. St. § 9430), applies to a divisional, as well as an original, application.[1]

In Equity. Suit by the American Laundry Machinery Company and others against the Prosperity Company, Inc. On motion to dismiss the bill of complaint. Motion granted, with leave to amend.

Reversed by Circuit Court of Appeals. See 295 Fed. 819.

Charles Neave and Maxwell Barus, both of New York City, and B. W. Brockett, of Cleveland, Ohio, for plaintiffs.

Arthur E. Parsons, of Syracuse, N. Y., for defendant.

COOPER, District Judge. Motion is made to dismiss the bill of complaint on the ground that:

"It does not appear from any allegations in the [amended] bill of complaint that, more than two years prior to the date of filing of the alleged divisional application No. 334,785, of the Andree patent in suit, No. 1,379,601, the alleged inventions of said patent (a) were not in public use or on sale in this country; (b) were not patented or described in any printed publication in this or any foreign country."

The complaint makes the proper and usual averments in these respects, so far as the prior or parent patent is concerned, and the sole question here involved is as to the necessity of repeating these allegations as to the divisional application.

By a recent decision the Supreme Court has held the two-year limitation for the filing of applications (Revised Statutes, § 4886 [Comp. St. § 9430]) applies to a divisional, as well as an original, application. Chapman v. Wintroath, 252 U. S. 126, 136, 40 Sup. Ct. 234. The following recent authorities have held that the effect of the decision in the Chapman Case, supra, is to fix the period during which divisional applications must be filed at two years from the date of issuances of a prior patent: Splitdorf Electrical Co. v. Webster Electrical Co. (C. C. A.) 283 Fed. 83, 93; Wahl v. Main, 280 Fed. 974, 51 App. D. C. 398; Ex parte Nathan, 279 Fed. 925, 51 App. D. C. 347; De Ferranti v. Harmatta, 273 Fed. 357, 50 App. D. C. 393; Ransdall v. Jahns, 273 Fed. 365, 51 App. D. C. 3; Replogle v. Kirby, 269 Fed. 862, 50 App. D. C. 210; Wells v. Honigmann, 267 Fed. 743, 50 App. D. C. 99.

The plaintiff concedes that, if the two-year rule applies to the divisional application, the bill is defective in not making the appropriate averments. In view of the foregoing, the motion to dismiss must be granted, with leave to amend.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] Reversed by Circuit Court of Appeals. See 295 Fed. 819.