## HARBRIDGE v. PERRIN.

(Court of Appeals of District of Columbia. Submitted November 12, 1923. Decided January 7, 1924.)

No. 1573.

1. Patents ⊜⇒113(6)—Point not raised in Patent Office not properly before Court of Appeals.

A point which was not raised in the Patent Office, nor in the notice of appeal from the Commissioner of Patents to the Court of Appeals, is not properly before the latter court.

2. Patents ⊜⇒106(3)—Evidence supported finding that devices of both parties were substantially alike.

In an interference proceeding relating to devices mounted on the back of an automobile to carry an extra tire rim, evidence *held* to support a

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

finding that the devices of both parties were constructed substantially the same.

**3. Patents ⬯167(1)—Claims read in light of specification from which taken.**

Claims in an interference must be read in the light of the specification of the patent from which they were taken.

**4. Patents ⬯178—Counts in interference construed.**

Counts in an interference for an automobile rim carrier having a ring or rim "adapted to fit into a demountable rim," or "adapted substantially to fit the inner periphery of the tire," *held* not to require that the ring be closely surrounded or embraced by the tire rim, when construed with the specification of the patent from which taken.

**5. Patents ⬯113(7)—Court of Appeals will not disturb conclusion of tribunals of Patent Office unless clearly wrong.**

Where the three tribunals of the Patent Office found that the rim carriers of both parties to an interference proceeding had substantially the same construction, and that the issue claims read on both, and it is not clear that they were wrong, the Court of Appeals will concur in their conclusion.

**6. Patents ⬯107—Public entitled to benefit of abandonment.**

Abandonment of claims by an applicant for a patent is abandonment to the public, and not to another who claims to be the inventor.

**7. Patents ⬯113(7)—Abandonment held question of fact.**

Under Rev. St. § 4897, abandonment is a question of fact.

**8. Patents ⬯106(2)—Priority not denied on theory that failure to copy other party's claims sooner was injurious to him.**

A party's right to priority in an interference proceeding cannot be denied, on the theory that his failure to copy claims of the other party sooner was injurious to the latter's rights, by inducing him to use the invention.

Appeal from the Commissioner of Patents.

Interference proceeding between Chester C. Harbridge and John G. Perrin. From a decision awarding priority to the latter, the former appeals. Affirmed.

Percy B. Hills and Melville Church, both of Washington, D. C., and Fred Gerlach, of Chicago, Ill., for appellant.

A. M. Austin, of New York City, for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. This is an appeal by Chester C. Harbridge from a decision by the Commissioner of Patents awarding priority to John G. Perrin in an interference between a patent issued to Harbridge in April, 1916, on an application filed in January, 1914, and an application of Perrin's filed in October, 1913, and renewed in June, 1917. The invention in controversy relates to a device mounted on the back of an automobile to carry an extra tire rim. There are two issue counts, which read as follows:

1. In a carrier for vehicles, the combination of a supporting ring adapted to fit into a demountable rim, a peripheral flange formed integral with and extending from said ring at one edge, attaching means for securing the ring to a vehicle, and means for securing the rim on said ring in contact with said flange.

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. A tire carrier, comprising an annular tire-supporting member in the form of a metal rim adapted substantially to fit the inner periphery of the tire, having a free open space therethrough within the periphery thereof, and having an outwardly extending flange projecting from one of its edges, a tire-engaging member confined to the edge of said rim, on the side of the rim opposite the edge, provided with the flange and fastening means engaging said tire-engaging member to lock the same in position, said fastening means, being accessible from said opposite side of the tire-supporting member.

Perrin's first application went to issue in June, 1915, was forfeited in December, same year, and renewed within two years thereafter. At the time of filing the renewal, he amended his application by copying the claims in dispute from the Harbridge patent, which had emerged some 14 months before. All the tribunals of the office concurred in awarding Perrin priority. Harbridge's right to February, 1913, for conception, and July of that year for reduction to practice, is not disputed. Is Perrin entitled to rank ahead of him?

[1] We are urged to reverse the case because, as charged, Perrin failed, when he amended his application, to make oath to the new claims; but we cannot do so, since the point was not raised in the Patent Office nor in the notice of appeal to this court. It is therefore not properly before us. Rule 149 of the Office requires that the reasons for appeal shall be "specifically set forth in the notice."

[2-4] The next point to be considered relates to Perrin's right to make the claims. It appears that in the summer of 1912 he built carriers and placed them on Lozier automobiles, which went into general use. These carriers, he says, embodied the invention. Harbridge denies it, and urges that the ring on Perrin's carrier does not fit into a demountable rim, as set forth in count 1, nor does it fit the inner periphery of the tire, as called for by count 2. He declares that the counts should be construed to mean that the ring must be closely surrounded or embraced by the tire rim. We do not think so. The claims must be read in the light of Harbridge's specification of his patent from which they were taken. Funk v. Whitely, 25 App. D. C. 313; Podlesak v. McInnerney, 26 App. D. C. 399; Sobey v. Holsclaw, 28 App. D. C. 65. He tells us therein what he means by "fit." Commencing with line 10, page 2, we read:

"This ring is usually formed of the same diameter as the felly band of the wheel for which the demountable rim is adapted. These bands are usually somewhat smaller in diameter than the inner periphery of the rim, to permit the wedge lugs for securing the rim on the wheel to enter the space between the felly band and the rim."

This is also shown in Figures 4 and 6 of the drawings attached to his patent. The flat portion of the ring, as distinguished from the flange, does not touch the rim at all. It is not necessary that the ring do so at all points in order to fit it. There must be a certain amount of tolerance. As was said by the Examiners in Chief:

"A thing may fit tightly, as a woman's glove, or loosely, as a man's collar."

Perrin's carrier shows the demountable rim fitting closely on the horizontal portion of the ring 4. It is clamped at the upper portion between the flange of the ring and the upwardly inclined end of the arm

*2.* The device, he says, in his application, is made to fit rims of different diameters. In another place the application recites that:

"After placing the tire in position on the support, the downward movement of the handle into the full line position causes the member to engage the tire rim and force the tire down into firm engagement with the support 2, and laterally into the angle at the lower portion of the support 4."

[5] But we do not care about pursuing this phase of the matter further. The question for solution is one of fact. The three tribunals found that Perrin's carrier had substantially the same construction as Harbridge's, and that the issue claims read on both. It is by no means clear that they were wrong, and we therefore concur in their conclusion. Rees v. White, 48 App. D. C. 150; Greenawalt v. Dwight, 258 Fed. 982, 49 App. D. C. 82, and cases cited.

[6, 7] It is argued that Perrin abandoned his claims, and is, besides, chargeable with laches. He reduced to practice, as we have said, in 1912. If it should be held that he has abandoned his claims, it would be an abandonment to the public, and not to Harbridge. The latter, except as a member of the public, would not be advantaged by it. Abandonment is to be considered as a question of fact (R. S. § 4897 [Comp. St. § 9443]; Wells v. Honigmann, 267 Fed. 743, 745, 50 App. D. C. 99), and there is no evidence of it in this case.

[8] Concerning laches, it is claimed that the attorney for Perrin became aware in 1914 that one Whitbeck was claiming a tire carrier with a ring adapted to engage the periphery of the tire and having an outwardly extending flange, in 1915 had knowledge of Harbridge's claims, and in 1916 knew that Whitbeck conceded priority to Harbridge of the claims in issue, yet Perrin took no steps to include those claims in a renewal application until June, 1917. In the meantime, it is said, Harbridge went forward on the assumption that the invention belonged to him, built carriers, put them into commercial use, and spent much money in exploiting the invention. Because of these things Harbridge argues that Perrin is estopped from claiming the discovery. Many decisions are cited to support this view, but we do not find it necessary to review them, for we are satisfied that the point is ruled by Chapman v. Wintroath, 252 U. S. 126, 40 Sup. Ct. 234, 64 L. Ed. 491. It is there made clear that any person who has invented or discovered any new and useful art, not known or used by others in this country before his invention or discovery thereof, and not patented or described in any printed publication in this or any foreign country before his invention, and not in public use or on sale in this country for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law and other due proceeding had, obtain a patent therefor. See section 4886, R. S. (Comp. St. § 9430). The court said that the right thus conferred is a statutory one, and, though the inventor delay in making his application until the last moment allowed him by the statute, his right "may not be denied or diminished on the ground that such delay may have been prejudicial to either public or private interests," citing with approval United States v. American Bell Telephone Co., 167 U. S. 224, 247, 17 Sup. Ct. 809, 42 L. Ed. 144. In the latter case the court said that:

"A party seeking a right under the patent statutes may avail himself of all their provisions, and the courts may not deny him the benefit of a single one. These are questions not of natural, but of purely statutory right. * * * No court can disregard any statutory provisions in respect to these matters on the ground that in its judgment they are unwise or prejudicial to the interests of the public."

So here we cannot deny Perrin his right on the sole theory that his failure to copy the claims sooner was injurious to the rights of Harbridge or of any other person. The doctrine of laches has no application. Whether or not the bar of public use should be applied to Perrin's application when it comes up for allowance is a matter with which we have nothing to do in this proceeding.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

Petition for rehearing overruled February 13, 1924.