MIEHLE PRINTING PRESS & MFG. CO.
et al. v. MILLER SAW TRIMMER CO.

MILLER SAW TRIMMER CO. v. MIEHLE
PRINTING PRESS & MFG. CO. et al.

(Circuit Court of Appeals, Third Circuit.
June 20, 1925.)

Nos. 3209, 3210.

**1. Patents ⟨⟩114—Evidence held insufficient to overcome presumption in favor of the decision of the Court of Appeals of the District of Columbia.**

Evidence *held* insufficient to overcome the presumption in favor of the correctness of a decision of the Court of Appeals of the District of Columbia that applicants for a patent had not abandoned their application by failure to pay the fees within six months after their application was allowed, and that they were entitled to prosecute a renewed application under Rev. St. § 4897 (Comp. St. § 9443).

**2. Patents ⟨⟩328—Wells & Hunter, 1,363,200, for automatic printing press feeder, claims 13–17, held prior in invention to claims 1, 2, 10, 21, and 22 of Honigmann, 1,074,720.**

The Wells & Hunter patent, No. 1,363,200, for automatic printing press feeder, *held* valid, and claims 13–17 *held* prior in invention to Honigmann patent, No. 1,074,720, claims, 1, 2, 10, 21, and 22, covering the same mechanism.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Seward Thomson, Judge.

Suit in equity by Miehle Printing Press & Manufacturing Company and others against Miller Saw Trimmer Company, and cross-bill by defendant. From a decree dismissing bill and cross-bill both parties appeal. Affirmed. For opinion below see 2 F.(2d) 744.

Winter & Brown, of Pittsburgh, Pa. (George L. Wilkinson, John C. Slade, and Charles L. Byron, all of Chicago, Ill., of counsel), for plaintiffs.

W. Clyde Jones and Robert Lewis Ames, both of Chicago, Ill., and Miles England and Gordon & Smith, all of Pittsburgh, Pa., for defendant.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court dismissing the bill of complaint, brought under section 4918 of the Revised Statutes (Comp. St. § 9463) for award and priority as to claims 1, 2, 10, 21, and 22 of United States letters patent No. 1,074,720, issued to Hans Honigmann October 7, 1913. These claims are identical with claims 13 to 17, inclusive, of United States letters patent No. 1,363,200,

issued to Wells & Hunter December 21, 1920. The Miller Saw Trimmer Company, owner of the latter patent, denied the claim of priority of Honigmann and filed a cross-bill against the Miehle Printing Press & Manufacturing Company, owner of the Honigmann patent, to establish its right to claims 13 to 17. These latter claims were called to the attention of Wells & Hunter by the Patent Office on December 1, 1914, and they promptly incorporated them in their patent. The issue before us is the priority of invention. Who first conceived and reduced the invention to practice, Wells & Hunter or Honigmann? The District Court, following the Court of Appeals of the District of Columbia in Wells v. Honigmann, 267 F. 743, 50 App. D. C. 99, held that Wells & Hunter were the original, first, and joint inventors of the invention forming the subject-matter of the claims here in issue.

There seems to be no question but that Wells & Hunter conceived the invention embodied in these claims long prior to the conception of Honigmann. Their application was filed December 16, 1907, which was before the alleged date of the conception of Honigmann who filed his application December 26, 1911. These dates are significant, and determine the question here in issue, unless Wells & Hunter have in some way lost the advantage of prior conception.

These patents have been in litigation for a long time. They were before all the tribunals of the Patent Office and before the Court of Appeals of the District of Columbia. When Wells & Hunter incorporated the claims of the Honigmann patent in their patent, an interference was declared. Honigmann moved to dissolve the interference, on the ground that they could not make the claims in question, in view of the drawings and specifications. This motion was denied, and priority was awarded to Wells & Hunter, Honigmann secured a reargument and made three additional contentions: That Wells & Hunter were estopped, because of their disclaimer filed February 8, 1910; that they were guilty of laches, because the claims in issue had not been incorporated in their patent for 17 months after the issue of the Honigmann patent; and that they had abandoned their application, because it had not been prosecuted within time. The Patent Office tribunals decided with Wells & Hunter on the first two questions, but against them on the question of abandonment. The Court of Appeals of the District of Columbia agreed with these tribunals, except as to

abandonment, and reversed the Commissioner of Patents on that question.

[1] The principal question here, as before the Court of Appeals of the District of Columbia, is abandonment. The other questions raised were disposed of by the District Court, and do not warrant further discussion. The original application of Wells & Hunter was allowed September 28, 1912. They permitted this application to become forfeited on March 28, 1913, but filed a renewal application on September 2, 1914. Abandonment is predicated upon the delay in filing this renewal application. The defendant is standing upon its statutory right. Section 4897 of the Revised Statutes of the United States (Comp. St. § 9443) provides that:

"Any person who has an interest in an invention or discovery, whether as inventor, discoverer, or assignee, for which a patent was ordered to issue upon the payment of the final fee, but who fails to make payment thereof within six months from the time at which it was passed and allowed, and notice thereof was sent to the applicant or his agent, shall have a right to make an application for a patent for such invention or discovery the same as in the case of an original application. But such second application must be made within two years after the allowance of the original application. But no person shall be held responsible in damages for the manufacture or use of any article or thing for which a patent was ordered to issue under such renewed application prior to the issue of the patent. And upon the hearing of renewed applications preferred under this section, abandonment shall be considered as a question of fact."

Wells & Hunter accordingly had two years from September 26, 1912, when the original application was allowed, in which to file a renewal application. They filed this application on September 2, 1914. This was within time and effective, if they had not as a matter of fact abandoned their invention between the date of the forfeiture and the renewal of the application. Abandonment must be considered as a question of fact, and the evidence clearly shows that, instead of abandoning their invention, they were using every means to develop and improve it. The application was forfeited on the advice of counsel, not with the intention of abandoning it, but with the purpose of renewing it after the machine had been fully developed. Between the dates of forfeiture and renewal, one Merrick, who had contracted for an interest in the patent, and others, were working on the machine in order to bring it into marketable form. Merrick's progress seemed slow, but, during the time he was working on it, Hunter and Watson (representing the estate of Wells, who had in the meantime died) were constantly urging him to speedy action. There is no evidence showing an intention to abandon the application, or from which such inference can logically be drawn. Wells & Hunter were standing upon their statutory rights, and of these they cannot be deprived, except in a way provided by the statute. United States v. Telephone Co., 167 U. S. 224, 17 S. Ct. 809, 42 L. Ed. 144.

[2] We agree with the District Court that the testimony does not in character and amount carry thorough conviction that the conclusion of the Court of Appeals of the District of Columbia was erroneous, and on the authority of Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657, the decree should be affirmed. It seems to us that the evidence forces the conclusion that the District Court was right, and that claims 13 to 17 of patent No. 1,363,200 are valid, and claims 1, 2, 10, 21, and 22 of patent No. 1,074,720 are invalid. We also think that the District Court was right in holding that the counterclaim, in so far as it relates to the alleged inoperativeness of the device disclosed by the Honigmann patent, is without merit.

Therefore the decree is affirmed.