## CRAIG v. MAYER.

(Court of Appeals of District of Columbia. Submitted January 19, 1926. Decided February 1, 1926. Rehearing Denied March 6, 1926.)

### No. 1787.

Patents ⊕ 106(2)—Priority rights between parties to interference proceeding determined.

In interference proceeding, applicant for patent, more than three years and six months after issuance of patent on copending application, *held* not entitled to copy claim of such patent, or to claim invention of subject-matter of that claim, or entitled to make or be awarded a claim that would dominate invention covered by the patent.

Appeal from Commissioner of Patents.

Interference proceeding between Edward Craig and George J. Mayer. From a decree of the Commissioner of Patents for the latter, the former appeals. Reversed.

C. S. Grindle, of Washington, D. C., for appellant.

L. A. Janney, of Chicago, Ill., and A. D. Adams, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents in an interference proceeding awarding priority of invention to appellee, Mayer.

Mayer filed his application April 26, 1915. It was allowed June 5, 1918. It became forfeited, but was renewed May 17, 1920, and is still pending. Craig filed his application December 28, 1916, and his patent was granted March 12, 1918.

This case turns largely upon a question of procedure. Three years and six months after the issue of the Craig patent, the officers of the Patent Office suggested to Mayer his right to copy claim 23 of the Craig patent, as follows:

"23. A machine for making box blanks by attaching wires and cleats to sheet material, comprising mechanism for driving staples to attach the wires and cleats to the sheet material, belts having blocks thereon to position and feed the cleats and sheets into position to receive the staples, and means including a device operated intermittently by engagement with said blocks to control the action of said mechanism."

This led to the declaration of an interference in which Craig moved for judgment on the ground of estoppel, in that Mayer had delayed more than two years before attempting to make the claim in issue. Craig also moved to dissolve on the ground that Mayer could not make the claim. The motion to dissolve was granted, but the motion for judgment was held in abeyance.

On December 12, 1922, a second interference was declared, with two claims as the issue thereof, claim 23 of the Craig patent and Mayer's claim 16. This interference was dissolved on motion of Craig, and on January 18, 1923, the present interference was declared. The count in issue reads as follows:

"A machine for making box blanks by attaching wires and cleats to sheet material, comprising mechanism for driving staples to attach the wires and cleats to the sheet material, means including blocks to position and feed the cleats and sheets into position to receive the staples, and means including a device operated intermittently by engagement with said blocks to control the action of said mechanism."

This count forms no claim of the Craig patent. Craig accordingly moved for judgment, but his motion was denied, and the taking of the testimony was ordered. Craig refused to take testimony, relying on the record as the basis of appeal. No testimony was taken by Mayer, and on June 11, 1923, notice was given Craig to show cause why judgment should not be entered against him on the record. No showing was made, and judgment was accordingly entered.

To avoid the rule announced in Chapman v. Wintroath, 252 U. S. 126, 40 S. Ct. 234, 64 L. Ed. 491 it was held by the Patent Office that Mayer, while estopped to make the claims in the language of the patent, could still, if his disclosure warranted, claim the invention—citing as authority Leonard v. Everett, 52 App. D. C. 90, 281 F. 594. Without stopping to discuss the effect of this holding, it is sufficient, for the purposes of this case, that the Patent Office held, and properly so, that Mayer could not copy claim 23 of the Craig patent. Nor can he claim invention to the subject-matter of that claim. This is not a case where Mayer from the beginning has had claims covering the disclosures of the Craig patent. If such were the case, and he had promptly asked for an interference upon the issuing of the Craig patent, we would be confronted by a different case. An examination, however, of Mayer's case, discloses to our satisfaction, that the Craig patent contains no claim which Mayer can copy; nor is Mayer, from his record, in any position to make a claim or be awarded a claim that will dominate the Craig invention.

The structures involved are radically different. "Belts having blocks thereon" is of the essence of the Craig patent. It is also entirely foreign to the Mayer specification, claims, or structure. It was sought in the claim in issue to use language, as an equivalent, which could be applied to Mayer's case. Accordingly the words "belts having blocks thereon" were eliminated from claim 23, and there was substituted therefor the words "means including blocks." This is the only particular in which the claim in issue differs from claim 23.

It was deemed necessary by the patent officials, in order to establish the semblance of a case for interference, to suggest the claim in issue to Mayer, which he adopted as an amendment to his application in July, 1922, more than two years after the issue of the Craig patent. It follows that the claim in issue, even if it read on Mayer's disclosure, would not avail him, since it came too late. It is not sufficient to avoid the estoppel of the Wintroath Case that a claim may be found that will cover the invention, but the claim must have actually been made before the period of estoppel is reached.

In an attempt to bring Mayer within the case of Leonard v. Everett, supra, reference is made to original claims 4 and 5 of the Mayer application. This was necessary, since the Leonard Case was distinguished from the Wintroath Case only from the fact that in the original application of Everett were two broad apparatus claims, which were held to cover the subject-matter in issue. But Mayer's claims 4 and 5 furnish no relief. They describe spacer blocks between adjacent ends of the cleats, while in the Craig application there are no spacer blocks nor cleat spacers. Craig's device discloses sheet spacers and cleat pushers, and nowhere is it claimed that the pushers are interposed between adjacent ends of cleats. Claims 4 and 5 of the Mayer application, therefore, are limited to spacers interposed between adjacent cleats, which describes a structure totally different from anything found in the Craig patent.

When the patent officials suggested to Mayer claim 23 of the Craig patent, Mayer was placed upon his election, either to make the claim or to contest Craig's right to the invention upon a claim, which appeared in his application. He elected to stand upon Craig's claim 23, and was defeated, because of his inability to make the claim. He then contested Craig's right to the invention on claim 23, coupled with his claim 16, and was again defeated. He is now before us again with claim 16, which he insists is sufficiently broad to cover any means for accomplishing the specific thing set out in the Craig invention. If this contention could be sustained, it would avail nothing, since this claim came into the case too late. There is no theory upon which Mayer is entitled to prevail.

The decision of the Commissioner of Patents is reversed.