27 C.C.P.A. (Patents)

## MURRAY et al. v. BAILEY.

### Patent Appeal No. 3848.

Court of Customs and Patent Appeals.

July 1, 1940.

Usina & Rauber and Joseph H. Milans, all of Washington, D. C. (D. Anthony Usina, of Washington, D. C., and Benjamin T. Rauber, of New York City, of counsel), for appellants.

George F. Scull and Benjamin R. Newcomb, both of New York City (R. W. Holbrook, of New York City, of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority of the invention defined in the four counts in issue—Nos. 1 to 4, inclusive, to appellee, Ervin G. Bailey.

The interference is between appellee's application No. 39,010, filed June 23, 1925 (renewed April 6, 1931), and appellants' application No. 192,836, filed May 20, 1927.

Although there are some differences in the counts in issue, we think count 3 sufficiently defines the involved invention. It reads:

"3. Steam boiler apparatus comprising; in combination; an inner structure consisting of a row of aligned tubes conducting a fluid past a heating zone wherein the fluid receives heat transmitted from the burning fuel through the tube walls; and an outer composite structure consisting of flat and wide longitudinal fins arranged on opposite sides of each tube with the adjacent ends of the fins on adjacent tubes in proximity so as to delineate with the tubes a wall structure for the furnace, separate metallic projections joined with the tubes and the fins and distributed over and around the furnace sides of said parts, and refractory material extending across the spaces between the projections to form a shield between the tubes and the burning fuel, the projections acting as supports or anchors to hold the refractory in operative position, said refractory and the tubes absorbing a preponderance of heat on one side of the row."

It appears from the record that ordinarily the combustion chamber of a boiler is rectangular in shape, the walls being composed of vertical boiler tubes spaced apart and provided with longitudinal flanges spanning the spaces between the tubes.

The involved invention differs from the prior art in that the water tubes are provided with projections over substantially the entire area thereof, which projections act as a support for a curtain of refractory material.

An interesting feature of the involved invention is that the refractory material may be applied in the form of a "plastic" prior to the operation of the furnace, or it may, in some instances depending upon variable conditions (which need not be set

forth here but which are set forth in the stipulated testimony of appellants' witness Jay A. Freiday), be deposited as an ash as the result of the burning fuel.

Appellants allege conception of the involved invention on or about March 20, 1923, and, although relying to some extent on an application, No. 642,725, filed June 1, 1923, which matured into patent No. 1,-746,711, February 11, 1930 (reissued February 28, 1933, Re. 18,748), rely mainly on application No. 720,734, filed June 18, 1924, which matured into patent No. 1,746,272, February 11, 1930, and reissued December 3, 1935 (Re. 19,782) for constructive reduction to practice.

It appears from the record that counsel for appellants rely upon the testimony of the witness John H. Lawrence and the corroborating stipulated testimony of the witnesses Jay A. Freiday, Henry F. Kuntzmann, and A. V. A. McHarg for the purpose of establishing conception of the invention defined in the involved counts on or about March 20, 1923. There is nothing, however, in the testimony of those witnesses to indicate that appellants ever constructed a device in accordance with the invention defined in the counts in issue, unless such a structure is disclosed in appellants' reissue patents Nos. Re. 18,748 and Re. 19,782.

In its decision, the Board of Appeals, after accurately describing the structures disclosed in figures 1, 2, and 3 in appellants' patent No. Re. 19,782, stated that there was no teaching in that patent that "the flanges on the rods are intended to retain or will retain a curtain of ash on the tubes and thereby prevent heating the tubes excessively or of insulating the tubes so as to prevent cooling off of the water wall. The teaching of the patent is to provide means for increasing the amount of heat absorbed and transmitted to the tubes."

It is contended here by counsel for appellants that figure 3, fully described in the board's decision, will inherently act to retain ash and form a refractory curtain.

In its decision, the Board of Appeals called attention to the fact, however, that appellants' application filed January 30, 1932, for the reissue of appellants' patent No. 1,746,272, contained claims, as stated by counsel for appellants, "commensurate with those here involved," and that it was held by each of the tribunals of the Patent Office and by this court in the case of In re Murray, 77 F.2d 651, 22 C.C.P.A., Patents, 1196, that such claims contained new matter which was not allowable in appellant's reissue application.

Each of the tribunals of the Patent Office called attention to the fact that the only reference to the idea of a refractory layer on the water tubes of a furnace in appellants' application No. 642,725, filed June 1, 1923, which matured into patent No. 1,-742,711, February 11, 1930, was not contained in the application as filed but was inserted therein by amendment on August 1, 1927, long subsequent to the filing of appellee's involved application—June 23, 1925.

But one other question remains for our consideration.

■ It is contended by counsel for appellants that appellee's application became forfeited; that the claims constituting the counts here in issue are for a different invention from those standing allowed in appellee's application at the time of its forfeiture; and that, therefore, appellee is not entitled to a constructive reduction to practice of the invention defined in the involved counts prior to the filing of his renewal application—April 6, 1931.

Counsel for appellants rely upon our decision in the case of In re William Kaisling, 44 F.2d 863, 18 C.C.P.A., Patents, 740.

It appears from our decision in that case that the patent application of the appellant Kaisling as finally allowed by the Patent Office tribunals covered claims for a lock per se. Thereafter, appellant's application became forfeited. In his renewal application, appellant cancelled the claims for a lock per se, and, according, to our decision, inserted claims for a different invention.

It is obvious that our decision in that case is not applicable to the issues here involved, although it is true that the claims constituting the counts here in issue are not identical in language with the claims appearing in appellee's application at the time it became forfeited. However, the difference between the claims constituting the counts in issue and those in appellee's abandoned application is one of terminology and scope rather than one of invention. See Murphy v. Thompson, 46 App.D.C. 515; Wells et al. v. Honigmann, 50 App.D.C. 99, 267 F. 743.

■ We have given careful consideration to the arguments presented here by counsel for appellants, but are of opinion

that the tribunals of the Patent Office reached the right conclusion.

The decision of the Board of Appeals is affirmed.

Affirmed.