Application of SCHNEIDER.

(Court of Appeals of District of Columbia. Submitted November 12, 1919. Decided January 5, 1920.)

No. 1255.

1. PATENTS ⬤�439138(1)—REISSUE WITH BROADENED CLAIMS BARRED BY LACK OF DILIGENCE.

The reissue of a patent with broadened claims, 2 years and 8 months after the original issue, *held* barred by lack of diligence, where the applicant's only excuse was that he had failed to discover the insufficiency of the original claims until shortly before filing his application for a reissue.

2. PATENTS ⬤�439138(1)—ABANDONMENT PRESUMED WHERE DILIGENCE NOT SHOWN IN SEEKING REISSUE.

Where a patentee, seeking a reissue with broadened claims 2 years and 8 months after the original issue, fails to establish his diligence, it is presumed that he abandoned the new matter to the public.

Appeal from the Patent Office.

Application by Franklin Schneider for the reissuance of a patent. From a decision denying the application, the applicant appeals. Affirmed.

H. B. Fay, of Cleveland, Ohio, for appellant.
T. A. Hostetler, of Washington, D. C., for appellee.

SMYTH, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, refusing a reissue on the ground that the appellant was not diligent in making his application. Two years and eight months elapsed between the issue of the original patent and the filing of his application. The only reason assigned by him for the delay is:

"That he had no occasion to review his patent from the date of its issue until the present time, and that the insufficiencies in his original specification and claims only came to his attention through others, namely, Mr. Burton W. Sweet, who was employed by him, and his attorneys, Messrs. Fay, Oberlin & Fay, within the past few weeks, and that he did not delay after he had knowledge of the insufficiency of his original patent."

It is conceded by him that the claims which he now seeks to have allowed are broader than those of the original patent. This is important.

⬤�439For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] While the applicant says he had no occasion to review his patent from the date of its issue until the present time, we think prudence would have suggested that he examine his claims when the patent was granted, or soon thereafter, certainly within two years after he had received it, to determine whether or not they were commensurate with his invention. If the claims were intricate, something he could not understand, it was his duty to call for the aid of an expert. A reasonably careful man would have pursued such a course. In Ives v. Sargent, 119 U. S. 652, 662, 7 Sup. Ct. 436, 441 (30 L. Ed. 544), the court, in rejecting the excuse for delay proffered by an applicant for a reissue, said that—

"He assumed, without examination, that the specification and claims of his [original] patent were just what he had desired and intended they should be, and rested quietly in ignorance of the error and of his rights for nearly 3 years, and then did not discover them until after others had discovered that he had lost the right to repair his error by his neglect to assert it within a reasonable time."

This, in effect, is what was done by the applicant in the case before us. The period of his inaction was 2 years and 8 months— "nearly 3 years." During that time he made no examination of his claims and specifications, but assumed, as did the applicant in the Ives Case, that they were just what he had desired.

The court said in Wollensak v. Reiher, 115 U. S. 96, 99, 5 Sup. Ct. 1137, 1139 (29 L. Ed. 350):

"If, at the date of the issue of the original patent, the patentee had been conscious of the nature and extent of his invention, an inspection of the patent, when issued, and an examination of its terms, made with that reasonable degree of care which is habitual to and expected of men, in the management of their own interests, in the ordinary affairs of life, would have immediately informed him that the patent had failed fully to cover the area of his invention; and this must be deemed to be notice to him of the fact, for the law imputes knowledge when opportunity and interest, combined with reasonable care, would necessarily impart it."

In the light of this reasoning it cannot be said that Schneider was diligent. Nor will it do for the applicant to say that the fault was that of his solicitors in drawing the original claims. They were his agents, and he is bound by their acts. In the Ives Case the applicant sought to shift the responsibility to his solicitors; but the court refused to permit him to do so, saying, in effect, that, even if they were negligent, he had not shown sufficient reason why he had not discovered it before.

[2] There being no justifiable cause for applicant's failure to apply for the reissue until more than 2 years had elapsed, the law presumes that he abandoned—

"the new matter to the public to the same extent that a failure by the inventor to apply for a patent within 2 years from the public use or sale of his invention is regarded by the statute as conclusive evidence of an abandonment of the patent to the public." Topliff v. Topliff, 145 U. S. 156, 171, 12 Sup. Ct. 825, 831 (36 L. Ed. 658.)

And it is said in In re Starkey, 21 App. D. C. 519, 525, that—

"We must now regard the law as well settled by the Supreme Court of the United States that, after the lapse of 2 years after the issue of a patent, a reissue which seeks to enlarge the claims of the original patent will not be granted, or, if granted, will be held invalid, unless special circumstances are shown to excuse the delay."

As we have already shown, those circumstances have not been made to appear in this case. It is said that there can be no action without knowledge, and that Schneider did not have knowledge that his original claims were not as broad as they should be; but there may be negligence in not acquiring knowledge, and it was in this respect that Schneider failed. Applicant asserts that the lapse of 2 years applies only to the prima facie presumption of intervening rights; but this is not correct. It is, as we have just observed, also evidence of abandonment. There being no showing of diligence, the decision of the Commissioner is affirmed.

Affirmed.