The present consideration is on motion of appellants that the decree be reversed, for the reason that, since the entry of the final decree and the taking of this appeal, Congress, by an act approved June 5, 1920 (U. S. Stats. 1919 and 1920 [41 Stat.] p. 988), known as the Merchant Marine Act, has expressly authorized the United States Shipping Board, in its discretion and under certain limitations therein expressed, to sell all vessels acquired by the United States during the war, including the vessels here in question. The act not only vests the power in the board to do the thing enjoined, but defines how it shall be done.

Whether, therefore, the board exceeded its power, or was threatening to do so, when the decree appealed from was made, is now a moot question. The motion to reverse the decree must be sustained. Public Utility Commissioners v. Compania General, 249 U. S. 425, 39 Sup. Ct. 332, 63 L. Ed. 687.

The decree is reversed, without costs, and the cause is remanded, with directions to dismiss the bill, without costs to either party.

Reversed and remanded.

---

### In re LEES.

(Court of Appeals of District of Columbia. Submitted November 11, 1920. Decided December 6, 1920.)

#### No. 1340.

Patents ⟸136—Reliance on solicitor does not authorize reissue with broadened claims.

An affidavit that applicant was unskilled in patent matters and relied on his solicitor, and only recently discovered that the claims were not as broad as the invention, does not show special circumstances excusing the delay, which alone authorized a reissue of the patent with broadened claims more than two years after the original issue.

Appeal from the Commissioner of Patents.

In the matter of the application of Ernest J. Lees for reissue of a patent with broadened claims. Application denied, and applicant appeals. Affirmed.

C. B. Mueller, of Cleveland, Ohio, for appellant.
T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

ROBB, Associate Justice. Appeal from a decision of the Patent Office refusing to reissue appellant's patent with broadened claims; the application having been filed about two years and five months after the granting of the patent.

In the affidavit accompanying the application for reissue, appellant states that he was unskilled in patent matters, relied upon his solicitor, and only recently discovered that his claims were not as broad as his invention. Since it is settled law that a patent will not be reissued after the lapse of two years, for the purpose of enlarging

⟸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

its claims, unless special circumstances are shown to excuse the delay (Miller v. Brass Co., 104 U. S. 350, 26 L. Ed. 783; Topliff v. Topliff, 145 U. S. 156, 12 Sup. Ct. 825, 36 L. Ed. 658; In re Starkey, 21 App. D. C. 519; In re Schneider, 49 App. D. C. 204, 262 Fed. 718), it cannot be said that there was any abuse of discretion on the part of the Patent Office in ruling that such special circumstances have not been shown here.

It follows that the decision must be affirmed.

Affirmed.

---

### In re WILLIAM SCHLUDERBERG & SON.

(Court of Appeals of District of Columbia. Submitted November 17, 1920. Decided December 6, 1920.)

No. 1361.

Trade-marks and trade-names ⬅43—Registration of trade-mark refused because of existing similar mark for similar goods.

An application to register the word "Highland" as a trade-mark for ham, corned beef, and cooked shoulders was properly refused, where another had registered as a trade-mark in connection with the sale of canned meats the representation of a Highlander and the words "Highland Brand," since it is obvious that confusion would be likely to result.

Appeal from a Decision of the Commissioner of Patents.

In the matter of the application of William Schluderberg & Son for registration of a trade-mark. From a decision of the Patent Office, refusing registration, applicant appeals. Affirmed.

John A. Saul, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

ROBB, Associate Justice. Appeal from a decision of the Patent Office refusing to register the word "Highland" as a trade-mark for ham, corned beef, and cooked shoulders.

It appearing that Matthews & Co. have registered and long used, as a trade-mark in connection with the sale of canned meats, the representation of a Highlander and the words "Highland Brand," the decision must be affirmed, for it is obvious that confusion would be likely to result, should registration be accorded appellant's mark.

Affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes