### In re NATHAN.

(Court of Appeals of District of Columbia. Submitted March 13, 1922. Decided April 3, 1922.)

#### No. 1414.

1. **Patents** ⟨⟩113(6)—**Failure of officials to notify applicant of co-pending application held not prejudicial.**

    The failure of the Patent Office officials to notify an applicant, who had been required by them to cancel a claim in his application, that there was a co-pending application involving the same claim, was not prejudicial to the applicant, since he had, under Rev. St. § 4897 (Comp. St. § 9443), two years after the issuance of the patent on the co-pending application within which to file a divisional application containing the claim.

2. **Patents** ⟨⟩110—**Divisional application containing canceled claim must be filed within two years after intervening patent.**

    Under Rev. St. § 4897 (Comp. St. § 9443), a divisional application must be filed within two years after the issuance of an intervening patent, even though the claims thereof were claimed as well as disclosed in the original application by claims which were required to be canceled.

Appeal from the Commissioner of Patents.

Divisional application by Albert F. Nathan, Jr., for a patent. From a decision of the Commissioner of Patents, refusing to allow a claim, applicant appeals. Affirmed.

Albert F. Nathan, of Newark, N. J., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, refusing to allow a claim in a divisional application for a patent relating to a typewriter carriage control. It is unnecessary to consider the mechanism of the invention, since the case turns upon a single question of law.

Nathan filed his original application September 2, 1905. On February 23, 1906, one Anderson filed an application for an invention embodying the subject-matter of the claim here involved, on which a patent was granted December 15, 1908. On November 26, 1906, Nathan was required to cancel a claim in his original application, which, with

a slight modification, was the same as the present divisional claim. His divisional application was filed on March 31, 1915, almost seven years after the issue of the Anderson patent. A patent was granted Nathan upon the original application, from which the claim had been canceled on April 27, 1915; hence the original case and the divisional case were co-pending during the period of about one month. The claim, which was originally set out in the divisional application, was identical in every particular with claim 14 in the original application, which had been canceled pursuant to a ruling of the Examiner.

The Examiner rejected the claim in the divisional application, for the reason that it specified a mechanically returned carriage, which he held was not shown in the drawings accompanying the original application. Nathan then amended by deleting the reference to a mechanically returned carriage. The claim was then rejected by the primary examiner as unpatentable over the Anderson patent. The position of the Examiner was in turn sustained by the Board of Examiners in Chief and the Commissioner.

[1] It is urged by appellant that the Anderson application was co-pending with his application, and had been for a period of nine months, at the time he was required by the Examiner to cancel the claim in question; that the cases continued co-pending for over two years, or until the issue of the Anderson patent, and that during all that period the Patent Office had knowledge of the pending Anderson application, without giving appellant any notice which would have enabled him to present a divisional application containing the present claim. Inasmuch as appellant had two years within which to file his divisional application after the issue of the Anderson patent (R. S. § 4897 [Comp. St. § 9443]), it is difficult to understand how he could have been prejudiced by this alleged negligence on the part of the patent officials.

[2] It is urged that the claim in the divisional application was not only disclosed, but asserted in the original application; and on this theory appellant seeks to distinguish this case from one where a patentable element had been disclosed, but not claimed, in the original application. By this distinction, appellant seeks to escape the limitation of two years, within which period a divisional application may be filed after the issue of an intervening patent. But the present amended claim did not appear in the original application; however, if it had, we think the contention would be unsound. The purpose of the limitation of two years is to require prompt action after the intervening patent has become public, and we perceive no difference, so far as the application of the period of limitation is concerned, between such a case and one where the claim to the invention first appears in a divisional application.

No excuse is offered for the failure to file the divisional application within two years after the Anderson patent was issued. This brings the case clearly within the rule announced in Chapman v. Wintroath, 252 U. S. 126, 40 Sup. Ct. 234, 64 L. Ed. 491.

The decision of the Commissioner of Patents is affirmed.