### In re CLAUDE.

(Court of Appeals of District of Columbia. Submitted March 10, 1926. Decided May 3, 1926.)

No. 1848.

Patents ⟨⟫138(1)—Application for reissue of patent, made more than 4 years and 7 months after original patent, held barred by laches.

Application for reissue of patent, made more than 4 years and 7 months after original patent, *held* barred by laches, notwithstanding applicant's manifest good faith and lack of knowledge of right to reissue patent under patent laws.

Appeal from Decision of Commissioner of Patents.

In the matter of the application of Georges Claude for a reissue patent. From a decision of the Commissioner of Patents, denying the application, applicant appeals. Affirmed.

E. J. Prindle and C. H. Biesferfeld, both of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, rejecting certain additional claims presented in an application filed by Georges Claude for a reissue of patent No. 1,332,462, granted March 2, 1920, for an improvement in processes for the synthetic production of ammonia.

The inventor states that he believes the original patent to be inoperative and invalid, by reason of a defective and insufficient specification in the following particulars, to wit: That the invention is designed for synthesizing ammonia at very high pressures, and the patent does not protect the inventor's discovery in its full breadth and scope, inasmuch as its claims are limited to a specific pressure and temperature range unnecessarily; that the original claims do not broadly secure protection to the inventor for the synthetic production of ammonia in stages without recirculation of gases, nor do they broadly claim the maintenance of the temperature of catalytic reaction by removal of excess heat, nor

the inventor's method of heating incoming gases by the heat of outgoing gases, nor the removal of the ammonia by liquefaction, by cooling to ordinary temperatures, or by other suitable means. The inventor refers, also, to various other defects of the original claims.

Upon a comparison of the appealed claims, now proposed by the inventor, with those of the original patent, we find that the new claims are not merely the equivalents of the patent claims, but are broadened claims. It appears furthermore that the present application for reissue was not filed until after the lapse of 4 years and 7 months from the date when the original patent was issued.

It is therefore governed by the rule given in Wollensak v. Reiher, 115 U. S. 96, 101, 5 S. Ct. 1137, 1140 (29 L. Ed. 350), as follows: "The settled rule of decision is that, if it appears, in cases where the claim is merely expanded, that the delay has been for two years or more, it is adjudged to invalidate the reissue, unless the delay is accounted for and excused by special circumstances, which show it to have been not unreasonable." See Miller v. Brass Co., 104 U. S. 350, 26 L. Ed. 783; Mahn v. Harwood, 112 U. S. 354, 5 S. Ct. 174, 6 S. Ct. 451, 28 L. Ed. 665; Ives v. Sargent, 119 U. S. 652, 662, 7 S. Ct. 436, 30 L. Ed. 544; Topliff v. Topliff, 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658; Webster Co. v. Splitdorf Co., 264 U. S. 463, 466, 44 S. Ct. 342, 68 L. Ed. 792.

The inventor undertakes to account for and excuse the delay of 4 years and 7 months in filing his present application by a statement which is in substance as follows: That the original application was drawn up in the year 1918, during the stress and strain of the war, when his mind was preoccupied therewith, and that this, in conjunction with his ignorance of American patent practice, prevented him from fully securing the protection he desired; that he had a conference with his patent counsel during the pendency of the original application, and discussed with him the significance of this invention in the art and the details thereof, but owing to the complexity of the technical phases of the invention, and affiant's ignorance of the full requirements of the patent practice, he did not succeed in making clear the details of the process, and hence the certain limitations above enumerated eventually crept into the specification, thus limiting the real scope of his discovery; that affiant is a citizen of France, an engineer and scientist by profession, and when the letters patent aforesaid were received in France he did not examine the patent, as he thought that there would be

12 F.(2d)—52

no further difficulty in the construction of the patent; that when he received the patent he regarded the matter as final, and had no idea at any time that a further alteration of the patent was possible, even if he desired to make some change in the texture of the patent, since in the French and German patent laws, with which he is familiar, no such provision is made.

It is also stated by an associate of the inventor: "We did not realize that there was any need or desirability of reissuing the said American patent until in June, 1924, when the subject was suggested to us by representatives of E. I. du Pont de Nemours & Co., of Wilmington, Delaware, who, with L'Air Liquide and others, formed the corporation Lazote, which is now the present owner of the said patent."

We are constrained to hold, notwithstanding the manifest good faith of the applicant, that these statements fail to account for and excuse the delay in filing the present application, or to show that it was not unreasonable under the circumstances. The reference to war conditions is answered by the fact that the original patent was not issued until March 2, 1920, and accordingly that the period of two years thereafter within which applicant was permitted to apply for a reissue did not expire until March 2, 1922. Nor does the applicant's ignorance of our patent laws or practice serve as an excuse, especially in view of the fact that he was represented in the matter by patent counsel. In re Starkey, 21 App. D. C. 519. Moreover, the applicant was negligent in failing to examine the patent when it came to him in due time after its issue. In re Schneider, 49 App. D. C. 204, 262 F. 718; In re Lees, 50 App. D. C. 163, 269 F. 679.

The appellant relies largely upon the authority of In re Heroult, 29 App. D. C. 42, wherein this court sustained an application for reissue filed within 2 years and 6 months after the granting of the original patent, under circumstances claimed to be similar to those of the present case. The court said in its opinion in that case that the application for reissue had been made without unnecessary delay. Such a finding must necessarily rest upon the facts of the particular case; accordingly we do not feel that the finding in the Heroult Case is conclusive here. It may be noted that in the former case the reissue was applied for within 2 years and 6 months after the date of the patent, whereas in the instant case the delay is 4 years and 7 months.

"The claims were denied upon the settled

rule that reissue claims, which seek to broaden the claims of the original patent, will not be allowed, except for unusual circumstances, which excuse delay. In re Starkey, 21 App. D. C. 519. The determination of this question is one largely within the discretion of the Commissioner, and will not be disturbed unless manifest error has been committed." In re Hoiland, 50 App. D. C. 268, 270 F. 705.

We hold, accordingly, that the appellant's application is barred by laches, and affirm the decision of the Commissioner of Patents.