### In re MARKEL.

(Court of Appeals of District of Columbia. Submitted January 12, 1927. Decided February 7, 1927.)

#### No. 1901.

1. Patents ⟱138(1)—That applicant was In civil employ of government held not to excuse delay in filing application for reissue patent.

Delay for five years in filing application for reissue patent relating to crossheads for loco-motive engines held not excused by fact that applicant during part of such time was civil employé of government, where he was at all times within the country, and not employed in manner to interfere with his giving attention to his patent.

2. Patent ⟱138(1)—Nolan Act held inapplicable to tardy application for reissue patent, where applicant as civil employé of government was at all times within country (Nolan Act, §§ 1, 6 [Comp. St. §§ 9431a, 9431f]).

Nolan Act (Comp. St. §§ 9431a–9431h), particularly sections 1 and 6 (Comp. St. §§ 9431a, 9431f), applicable only to applications which became abandoned or forfeited during applicant's service abroad with forces of the United States, held inapplicable on application for reissue patent made five years after grant of original patent, where applicant, though an employé of government, was within the country at all times.

Appeal from Commissioner of Patents.

In the matter of the application of Charles Markel for reissue patent. From a decision of the Commissioner of Patents, denying his application, the applicant appeals. Affirmed.

Paul Carpenter, of Chicago, Ill., J. T. Basseches, of New York City, B. J. McCann, of Chicago, Ill., and J. H. McCann, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents, refusing an application for reissue of a patent, relating to crossheads for locomotive engines, with broader claims; the application having been filed almost five years after the grant of the patent.

Two reasons for the allowance of this application are advanced: First, that applicant's delay was due to the fact that he was employed by the American government as chief locomotive inspector on new railway locomotives for the United States Railroad Administration, during the World War; and, second, that the provisions of the so-called Nolan Act (41 Stat. 1313), being Comp. St. §§ 9431a–9431h, are applicable. [1] As to the first reason, the Commissioner said: "Appellant was merely a civil employee of the government for a short time, and was in this country at all times. The nature of his employment in no way interfered with his giving attention to his patent and to what it covered, and discovering the reasons now presented in support of broad-

ened claims." This ruling constituted no abuse of discretion. In re Lees, 50 App. D. C. 163, 269 F. 679, and cases there cited.

[2] As to the second reason, sections 1 and 6 of the Nolan Act (Comp. St. §§ 9431a–9431f) are relied upon. We agree with the Patent Office that the Nolan Act does not apply here. Section 1 relates to questions of priority, while section 6 is applicable only to applications which became abandoned or forfeited during the time the applicant was serving abroad with the forces of the United States.

The decision is affirmed.

Affirmed.