**RADIO CONDENSER CO. et al. v. COE, Com'r of Patents.**

No. 6242.

United States Court of Appeals for the District of Columbia.

Argued Dec. 5, 1934.

Decided Jan. 7, 1935.

C. L. Sturtevant, of Washington, D. C., and Harry B. Rook, of Newark, N. J., for appellants.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

This is an appeal from a decree in the Supreme Court of the District dismissing appellant's bill filed under the provisions of section 4915, Rev. St., as amended (35 USCA § 63), to secure the reissue of appellant's patent No. 1,597,591, granted August 24, 1926. The reissue application was filed February 4, 1931, approximately four years and a half after the issuance of the original patent.

The examiner denied the application for reissue on two grounds: First, that no such showing has been made of "inadvertence, accident, or mistake" (section 4916, R. S., as amended (35 USCA § 64) as will support the proposed broadened claims of the reissue application filed more than two years after the date of the original patent; and, second, that the claims involve new matter in that they are not supported by the disclosure of the original application. The Board of Appeals affirmed the Examiner's decision and the court below reached the same conclusion.

The invention, according to the original specification, relates to condensers as designed for use in radio receiving sets. An object of the invention is to provide a condenser having a plurality of movable plates embodied in its rotor and a plurality of stationary plates in its stator and in which either the plates of the rotor or stator are honeycombed or provided with a plurality of openings for reducing a capacity of the condenser and permitting its more accurate adjustment for the purpose of tuning in radio stations of different wave lengths. "By perforating or honeycombing the plates of the condenser the stations of different wave lengths are brought in by a more gradual adjustment of the condenser plates, which enables the operator to obtain a finer and more accurate tuning of the set and resulting in clearer signals and relatively greater volume."

The two claims of the patent as drawn and allowed cover the invention set forth in the specification. Approximately four years and a half later the patentee, Mr. Freese, assigned his invention to the Radio Condenser Company and this application for re-

issue followed within a short time; but the diligence of an assignee is immaterial if the assignor was lacking in diligence. Otis Elevator Co. v. Atlantic Elevator Co. (C. C. A.) 47 F.(2d) 545.

We reproduce claim 3 of the reissue application as illustrative of the proposed claims: In radio apparatus, a variable condenser including blades relatively movable into different overlapping relations to change the capacity of the condenser, at least one of said blades being of such structural character as to permit relative displacement at different local portions thereof into stable capacity-varying settings to effect corresponding capacity adjustments of the condenser.

Admittedly, this claim, if allowed, would broaden the patent.

In Miller v. Bridgeport Brass Co., 104 U. S. 350, 355, 26 L. Ed. 783, the court condemned the general practice of reissuing letters patent with broader claims, saying: ".* * * And the evils which have grown from the practice have assumed large proportions. Patents have been so expanded and idealized, years after their first issue, that hundreds and thousands of mechanics and manufacturers, who had just reason to suppose that the field of action was open, have been obliged to. discontinue their employments, or to pay an enormous tax for continuing them. * * * It will not do for the patentee to wait until other inventors have produced new forms of improvement, and then, with the new light thus acquired, under pretense of inadvertence and mistake, apply for such an enlargement of his claim as to make it embrace these new forms."

The court in Topliff v. Topliff, 145 U. S. 156, 12 S. Ct. 825, 831, 36 L. Ed. 658, after an exhaustive review of the authorities, said:

"* * * From this summary of the authorities it may be regarded as the settled rule of this court that the power to reissue may be exercised when the patent is inoperative by reason of the fact that the specification as originally drawn was defective or insufficient, or the claims were narrower than the actual invention of the patentee, provided the error has arisen from inadvertence or mistake, and the patentee is guilty of no fraud or deception; but that such reissues are subject to the following qualifications:

"First. That it shall be for the same invention as the original patent, as such invention appears from the specification and claims of such original.

"Second. That due diligence must be exercised in discovering the mistake in the original patent, and that, if it be sought for the purpose of enlarging the claim, the lapse of two years will ordinarily, though not always, be treated as evidence of an abandonment of the new matter to the public to the same extent that a failure by the inventor to apply for a patent within two years from the public use or sale of his invention is regarded by the statute as conclusive evidence of an abandonment of the patent to the public.

"Third. That this court will not review the decision of the commissioner upon the question of inadvertence, accident, or mistake, unless the matter is manifest from the record; but that the question whether the application was made within a reasonable time is, in most, if not in all, such cases, a question of law for the court."

See, also, Webster Electric Co. v. Splitdorf Electrical Co., 264 U. S. 463, 44 S. Ct. 342, 68 L. Ed. 792.

In the present case it is contended that neither Mr. Freese nor his attorney Mr. Meyers had such an understanding of the invention as to appreciate its real character and scope, and hence that the patent as issued did not adequately cover the invention. An examination of the record leads us, as it did the Patent Office, to a contrary conclusion. It is very apparent that Mr. Freese was quite skilled in the art. He realized wherein the condensers which he purchased were lacking and proceeded to improve on them. Nor was his attorney as inexperienced as appellants contend. It is in evidence that his duties with the firm by which he was employed "consisted practically in the running of the office"; that he had complete charge of the preparation of a large majority of the cases, that is, "the preparation of the specifications and claims, the handling of correspondence and other duties that would go with handling an office of that type." If a mistake was made in not claiming enough, the mistake "was apparent upon the first inspection of the patent, and if any correction was desired," Miller v. Bridgeport Brass Co., 104 U. S. 350, 351, 26 L. Ed. 783, it should have been applied for promptly, especially as this was a rapidly developing art. The Board of Appeals, on this branch of the case, said: "In our opinion there are no special circumstances present in this case. The rea-

sons urged for reissue are those commonly given."

We also agree with the Patent Office that the reissue claims embraced new matter. In other words, that they cover a different invention from that disclosed in the original patent. That patent indicates that the inventor's object was to spread the stations on a tuning dial. The removal of material from either the stator or rotor plates would tend to reduce the capacity of the condenser in a given setting and thus would admit of greater angular movement in shifting from one station wave length to another. The only reference to the material of the plates in the original specification is in the last paragraph of page 4, where it is stated that "any suitable metal" may be used. The idea of "blades being of such structural character as to permit relative displacement' at different local portions * * *" was neither present nor suggested in the original specification. It is apparent that the patentee, as in Miller v. Bridgeport Brass Co., has acquired new light with the development of the art and is seeking to bring within the scope of his patent something not there originally.

Decree affirmed.