426

HARTFORD–EMPIRE CO. v. COE,
Com'r of Patents.
No. 6255.

United States Court of Appeals for the
District of Columbia.

Argued Dec. 7, 1934.

Decided Feb. 11, 1935.

Vernon M. Dorsey and Alan F. Garner, both of Washington, D. C., and Sidney F. Parham, of Hartford, Conn., for appellant.

. T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill filed under the provisions of section 4915, R. S. (35 USCA § 63).

On October 24, 1913, appellant's assignors, Tucker and Reeves, filed an application for a patent on improvements in glass-working machines. On November 17, 1926, a divisional application containing claims Nos. 14, 16, and 26 was filed. These claims were not presented in the earlier application, nor did it contain claims of like scope.

On February 4, 1921, Bethel filed an application for a patent on "valve mechanism for glass machines," and on July 3, 1923, patent No. 1460363 was issued to him.

The claims of the divisional application here involved read on Bethel's disclosure, but neither of the two claims of the Bethel patent reads upon the Tucker-Reeves disclosure.

It thus appears that the divisional application was not filed until thirteen years from the date of the original application and three years and four months after the issuance of the patent to Bethel.

The question involved is thus stated in the brief of counsel for appellant: "Does the lapse of more than three years from the publication of the Bethel patent to the assertion by Tucker and Reeves of the particular claims in issue (not claimed by Bethel) constitute such laches as to defeat plaintiff's (appellant's) otherwise admitted statutory right to a patent for the invention of these claims?" The Patent Office tribunals ruled that it did, and a similar ruling was made by the court below.

The record discloses that "neither the plaintiff nor the defendant produced witnesses" in the court below, consequently we are restricted in our consideration to the record before the Patent Office. In Webster, etc., Co. v. Splitdorf, etc., Co., 264 U. S. 463, 44 S. Ct. 342, 68 L. Ed. 792, it was stated that the rule, that a reissue patent expanding the patentee's original claims will be invalidated by a delay of two years in applying for it unless special circumstances be proven justifying a longer delay, is applicable also to patents issued on divisional applications.

Two circumstances are offered by appellant to account for the delay in filing the divisional application, namely: (1) The pendency during the period in question in the Tucker and Reeves original application of combination claims including broadly the mechanism here involved as an element of the combination; and (2) the pendency from a time prior to the beginning of the period in question until a date within one year from the filing of the Tucker-Reeves divisional application of an interference proceeding involving that application.

In our opinion, neither of these circumstances justified the delay. The claims of the Bethel patent do not read upon the Tucker-Reeves applications, nor do the allowed claims of the appellant's application dominate the Bethel patent, but the disallowed

claims would dominate that patent and enlarge a monopoly. The fact that the Tucker-Reeves original application was involved in an interference during part of the period in question did not prevent the filing of a divisional application. The delay was so unreasonable as to constitute fatal laches. The case is so clearly ruled by the Webster-Splitdorf decision that we do not think further discussion necessary. See, also, In re Nathan, 51 App. D. C. 347, 279 F. 925; and Radio Condenser Co. v. Coe, —— App. D. C. ——, 75 F.(2d) 523, present term.

Decree affirmed.