### ROTHHOLZ et al. v. KREGER.
### Civ. A. No. 2042.

United States District Court
D. Connecticut.
Jan. 18, 1950.

Irving F. Goodfriend, New York City (Sydney C. Perell, Stamford, Conn., of counsel), for plaintiff.

Isaac J. Kunik, Hartford, Conn. (Samuel H. Aron, Hartford, Conn., of counsel), for defendant.

HINCKS, Chief Judge.

This is an action in which the plaintiff claims infringement of her reissue patent No. 19,580. The case comes before the court upon the defendant's motion for a summary judgment, the motion being based upon the contention that the reissue is invalid because of the patentee's laches in making application for the reissue. The plaintiff makes no claim that the issue submitted is not one that may properly be raised by a motion for summary judgment. Instead, she resists the motion on the merits contending that the facts support the action of the Patent Office in granting the reissue.

The facts developed by the motion are as follows: Patent No. 1,879,513, issued to Rothholz, the patentee, on September 27, 1932, with ten claims. The invention of the patent related to improvements in plate glass transporting trucks, and each of its ten claims disclosed a plurality of members which in combination with the chassis of a truck formed adjustable frames, substantially vertical, extending longitudinally along the side of the truck which were adapted to receive and hold plate glass during transportation.

On September 17, 1934, the patentee brought an infringement suit in the Eastern District of New York against a truck manufacturer, not a party to this action, and its employee who was an automobile mechanic. During the pendency of this suit a settlement was made with the corporate defendant which took a license from the patentee. And after trial against the employee-defendant, in which the only issue was that of infringement, the court, noting that the validity of the patent was not disputed, found the same valid and infringed so that "as between the parties to that action" the plaintiff was held to be entitled to a decree. The Judge's opinion was dated February 13, 1935, and the application for reissue was filed on February 18, 1935. In this application the ten original claims were reiterated, and in addition thereto in the reissue were included eight additional claims all of which were broader than any of the original claims in that each omitted detail of construction and claimed broadly the full scope of the original invention which, quoting from plaintiff's brief, "lay in the provision of substantially vertical frames at the sides of the truck and the means for increasing the dimensions of these frames to accommodate different quantities and sizes of plate glass." The parties agree that the new claims of the reissue are broader than the original claims and in that view I thoroughly concur.

After the issue of the original patent and prior to the bringing of the infringement suit referred to above the patentee issued numerous licenses to the trade. This was noted in the opinion of the Judge in the infringement suit, copy of which plaintiff has introduced into this record, wherein it was said: " * * * while the said invention appears to have commercial merit, and has been accepted by several concerns, it is one which is but a slight step in advance when the general use of trucks and skill of skilled mechanics is considered." The fact of commercial use was also referred to several times in the brief which plaintiff submitted on the pending motion.

For instance, in her brief plaintiff says "prior to the trial for the infringement of the original patent, many persons in the trade accepted licenses under it." It does not appear, however, that the defendant herein made any use at all of the invention, with or without license, prior to the application for the reissue.

■ The use which the plaintiff thus concedes and indeed asserts to have been made of the invention in the early life of the original patent has an important bearing on the question of laches in the application for reissue. That is a fact which, together with the other facts, takes the case outside the scope of the decision in Monogram Manufacturing Co. v. Glemby Co., 2 Cir., 136 F.2d 961, cited by the plaintiff, and brings it within the doctrine of Otis Elevator Co. v. Atlantic Elevator Co., Inc., 2 Cir., 47 F.2d 545, on which the defendant relies. To be sure, these licenses presumably granted merely rights under the narrow claims of the original patent: the broad claims of the reissue had not then even been applied for. But since concededly the new claims introduced by the reissue were broadened claims of the original invention the trade which under license availed itself of the narrow invention covered by the original claims must necessarily have practiced also the broader phases of the invention which the plaintiff thereafter attempted by its application for the reissue to monopolize. And these practitioners were entitled to assume that in their use of the broader features of the invention they were enjoying a right dedicated to the public: as to such a use their licenses could not operate as estoppels. To be sure, in behalf of the plaintiff it is contended that for almost two years after the issue of the original patent the patentee did not know that its claims were unnecessarily narrow. And for present purposes I take that to be the fact. Nevertheless, the commercial dealings of the patentee with members of the public is material on the ultimate issue of laches in the application for the reissue: when through such dealings he must have had first-hand knowledge that his licensees were practicing a broad feature of his invention which was not covered in the patent claims, to bring that broad feature into his monopoly a greater diligence was required than would have been the case if the commercial public were entirely untouched by his inventive gyrations.

■ The file wrapper on the reissue which is now before the court contains no intimation that the action of the Patent Office in granting the reissue was with knowledge of the patentee's prior dealings with the public and of the public use of the whole invention. Consequently, under the doctrine of the cases cited the record here contains a compelling basis not available to the Patent Office for the conclusion that the patentee was guilty of laches in not sooner making application for the reissue. I so hold.

This conclusion has further support in the following cases: Ives v. Sargent, 119 U.S. 652, 7 S.Ct. 436, 30 L.Ed. 544; In re Lees, 50 App.D.C. 163, 269 F. 679; In re Claude, 56 App.D.C. 281, 12 F.2d 816; Radio Condenser Co. v. Coe, 64 App.D.C. 119, 75 F.2d 523. I also note that it accords with the view of the law which I took in Stanley Works v. C. S. Mersick Co., D.C., 34 F.Supp. 913, and in Schenk v. United Aircraft Corp., D.C., 43 F.Supp. 679, modified on another ground on appeal in Picard v. United Aircraft, 2 Cir., 128 F.2d 632. And while there are cases in which delay in making application for a reissue has been deemed excused by reason of the pendency of litigation on the original patent, I can find no case which condones such delay while the subject-matter of the reissue is in actual practice by the commercial public.

■ The defendant urges that the complaint be dismissed, thus invalidating the original claims which were carried over into the reissue as well as those added by the reissue. This contention is overruled. See Foxboro Co. v. Taylor Instrument Co., 2 Cir., 157 F.2d 226, which to this point cited with approval my decision in Schenk v. United Aircraft Corp., D.C., 43 F.Supp. 679, 686.

It is accordingly ordered that as to claims 11 to 18, inclusive, of the reissue the complaint be dismissed and that as to claims 1 to 10, inclusive, the complaint be not dismissed.