## DE FERRANTI v. HARMATTA.

(Court of Appeals of District of Columbia. Submitted March 21, 1921. Decided May 2, 1921.)

No. 1412.

1. **Patents ⬦109—Applicant not entitled to make claims more than two years after issuance of patent to another, notwithstanding intervening patent.**

Where claims in a patent issued in 1909 were appropriated by H., and, on interference, awarded to him, D. could not make such claims more than two years after the issuance of the patent in 1909, though within two years after the issuance of the patent to H.

2. **Patents ⬦109—Applicant charged with constructive notice of issuance of patent to another.**

One having an application for a patent pending had constructive notice of the issuance of a patent to another containing claims which he subsequently attempted to make.

Appeal from a Decision of the Commissioner of Patents.

Interference proceeding between Sebastian Z. De Ferranti and Johann Harmatta. From a decision for the latter, the former appeals. Affirmed.

Melville Church, of Washington, D. C., for appellant.

Frederick P. Fish and J. L. Stackpole, both of Boston, Mass., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, awarding priority of invention to appellee Harmatta. The interference involves the application of De Ferranti, filed December 29, 1911, which was divisional of his earlier application of May 14, 1904, and the application of Harmatta, filed December 3, 1903, which eventuated into a patent December 3, 1912.

The invention relates to what is known as "spot welding." This is accomplished by passing an electric current through the parts joined in such manner as to confine it to a small spot, thus making a correspondingly small weld.

[1, 2] It is not necessary to enter into the details of the invention, since we think the case can be disposed of by the consideration of a single point. It appears that a patent was issued to one Rietzel on July 20, 1909, in which the claims of the present issue originated. Harmatta appropriated these claims, which led to an interference, resulting in an award of priority of Harmatta. The Thompson Electric Welding Company was the assignee of both the Rietzel and Harmatta applications. After the Harmatta patent was issued on December 3, 1912, the counts of that interference were disclaimed in the Rietzel patent.

De Ferranti first made the claims in issue July 29, 1913, more than four years after the issue of the Rietzel patent. It is sharply contended that De Ferranti's delay in making the claims in interference can only be counted from the date of the Harmatta patent. But we are

---

not impressed by this contention. De Ferranti filed his present application December 29, 1911, more than two years after the issue of the Rietzel patent, of which he had constructive notice. He is, therefore, clearly estopped to make claims against Rietzel. The Harmatta claims were derived from the Rietzel patent by reason of his being adjudged the prior inventor.

The limitation of two years within which claims may be taken from a patent arises from the application of a sound principle of public policy for the prevention of the undue extension of monopoly by procrastination in the assertion of adverse rights against one already in possession.

This situation is not different by analogy from a reissue case, where the public is in adverse possession. In both instances, the applicant has stood by and permitted others to assert rights which he now negligently seeks to monopolize for himself.

"Monopolies are inherently obnoxious, and it is solely because of ultimate benefit to the public that a conditional form of monopoly is permitted an inventor. When the element of diligence or good faith in an applicant is lacking, there is no valid reason for such a construction of the patent laws as would effect an extension of the limited monopoly granted upon prescribed conditions which include those very elements. Inasmuch as even diligence and good faith do not entitle one to a monopoly upon a monopoly, it is not perceived why delay and the lack of good faith should do so." In re Fritts, 45 App. D. C. 211, 217.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.