## DERBY et al. v. WHITWORTH.

### Patent Appeal No. 3045.

Court of Customs and Patent Appeals.

Dec. 27, 1932.

William W. Dodge, of Washington, D. C., for appellants.

H. C. Bierman, of New York City (Ellis S. Middleton, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an interference proceeding wherein the Board of Appeals of the United States Patent Office affirmed a decision of the Examiner of Interferences, awarding priority of invention upon all the counts in issue to appellee. From such decision appellants have appealed to this court.

The invention involved relates to flotation agents and methods of effecting concentration of minerals therewith. The counts are thirty-three in number, of which the following are illustrative:

"1. The method of effecting the concentration of minerals by flotation which comprises adding to the mineral pulp a modifying agent consisting of the reaction product of an organic compound together with sulphur and phosphorus, and subjecting the resulting mixture to a flotation operation."

"8. The method of effecting concentration of minerals by flotation which comprises adding to the mineral pulp a reaction product of an oxygen-containing organic compound together with sulphur and phosphorus, and subjecting the resulting mixture to a flotation operation."

"10. The method of effecting concentration of minerals by flotation which comprises adding to the mineral pulp a product produced by the reaction of cresol and phosphorus pentasulphide and subjecting the resulting mixture to a flotation operation."

"12. A flotation agent comprising the product of reaction of sulphur and phosphorus with an oil."

"16. A flotation agent comprising the product of reaction of sulphur and phosphorus with an oil containing distillates of tar including combinations of portions distilling therefrom at higher or lower temperatures."

"21. A flotation agent comprising the product of reaction of about 1.5% of phosphorus and about 4% of sulphur with a tar oil.

"22. A flotation agent comprising the product of reaction of about 3% of phosphorus and about 8% of sulphur with an oil."

"24. A flotation agent comprising the product of reaction of about 1.5% to 3% of phosphorus and about 4% to 8% of sulphur with an oil."

"32. As a new flotation agent, a phosphorized and sulphurized oil.

"33. A process which comprises subjecting ore to a flotation process while in the presence of an oil containing sulphur and phosphorus."

The interference arises between an application filed by appellants on October 6, 1925 (serial No. 60,911), and a patent, No. 1,593,232, granted to appellee on July 20, 1926, upon an application filed November 2, 1925, involving counts 1 to 11, inclusive, and between said application of appellants and an application filed by appellee on April 15, 1927, serial No. 184,171, involving the remainder of the counts.

Inasmuch as appellants' application was pending at the time of the issue of said patent to appellee, and was filed earlier than either of appellee's applications, appellee is the junior party, and the burden was upon him to establish priority of invention by him by a preponderance of evidence.

The history of the case with respect to the declarations of interference and the proceedings had in relation thereto, prior to the decision of the Examiner of Interferences, is stated in the decision of the Board of Appeals as follows:

"The party Whitworth has a patent No. 1,593,232 but Derby and Cunningham are the senior party, their application having been filed October 6, 1925, while that upon which the Whitworth patent was granted was filed about one month later, on November 2, 1925. Derby and Cunningham copied all the claims of the Whitworth patent, except claim 8, and an interference, No. 54,789 was declared upon eleven counts which are counts 1 to 11, inclusive, of the present interference. When the preliminary statements were opened Whitworth, on April 15, 1927, filed a second application, Serial No. 184,171 in which he copied all the claims of the Derby and Cunningham application not already in interference, except claims 20 and 23, accompanied by a motion to add these claims to the issue. The description in this second Whitworth application is alleged by both parties to be substantially the same as in the Whitworth patent. A second interference No. 56,376 was declared between the new Whitworth application and the Derby and Cunningham application on February 10, 1928.

"On April 15, 1927, Whitworth brought a motion before the Law Examiner to amend the issue of interference No. 54,789 by the addition of the claims of his second application which motion was opposed by Derby and Cunningham on the ground that the claims could not be allowed in the second Whitworth application as this would involve double patenting and also on the ground that neither in his patent nor in his application, has Whitworth disclosed a basis for claims covering any oils or materials except oxygen holding substances. The Law Examiner granted Whitworth's motion except as to proposed claims 20, 21 and 28. Derby and Cunningham now seek to raise the same questions on this appeal under Rule 130.

"In Interference No. 54,789, Derby and Cunningham filed a preliminary statement alleging conception on May 1, 1925 and a reduction to practice on May 11, 1925. When interference No. 56,376 was declared, Derby and Cunningham filed a statement alleging a date of June 6, 1922 for conception and reduction to practice and accompanied it with a motion to amend the statement in interference No. 54,789 to allege the same date. The motion was denied by the Examiner of Interferences but was renewed on additional showing. Decision on the renewed motion was held in abeyance in view of the proof to be adduced on final hearing with respect to priority and was denied by the Examiner of Interferences in his decision on priority. Derby and Cunningham allege error in this holding and urge it as one of the grounds of appeal.

"On May 21, 1928, interferences Nos. '54,-789 and 56,376 were consolidated under No. 54,789 and the counts of the consolidated interference were designated as 1 to 33, inclusive, counts 12–33, inclusive, being the counts of the second interference."

The Board of Appeals held that appellants' opposition to the addition of the claims of the second application of appellee, as above stated, was equivalent to a motion to dissolve the interference as to such claims, and affirmatively held that appellee had the right to make all of the claims corresponding to counts 12 to 33, inclusive, of the consolidated interference; that appellants had no right to raise the question that allowance of the claims of appellee's second application to him would involve double patenting, because this was an ex parte question and was irrelevant to the question of priority of invention; the Board also denied appellants' contention that a jurisdictional question was presented and that an interference has no standing if there is a statutory bar against one of the parties. The Board further found that the Examiner of Interferences did not err in denying appellants' motion to amend their preliminary statement with respect to counts 1 to 11, inclusive.

Upon the merits of the issue, the Examiner accorded to appellee a date of conception for all the counts as of November 23, 1924, and an actual reduction to practice of all of the counts, except counts 20 to 24, inclusive, and count 28, as of April 1, 1925; as to said last named counts, the Examiner accorded appellee November 2, 1925, the filing date of his application, for a constructive reduction to practice. The earliest date accorded by the Examiner of Interferences to appellants for conception with respect to any of the counts in issue was June 16, 1925, which was subsequent to the date accorded to appellee for reduction to practice of all the counts except said counts 20 to 24, inclusive, and count 28, and subsequent to the date of conception awarded to appellee as to said counts. The Examiner further found, with respect to said counts 20 to 24, inclusive, and 28, that appellee was diligent in reducing the invention to practice from just prior to June 16, 1925, the date of conception accorded appellants, to his filing date, November 2, 1925, which was a constructive reduction to practice. He therefore awarded priority of invention to appellee as to all of the counts.

The Board of Appeals concurred with the

findings of the Examiner in all respects except as to counts 20 to 24, inclusive, and count 28. As to these counts the Board held that appellee was entitled to a reduction to practice as of April 1, 1925, which is earlier than any date accorded to appellants for conception of the invention. The Board further held that, if it be assumed that appellee had not so reduced to practice as of April 1, 1925, he was diligent in reducing to practice the invention embodied in said counts 20 to 24, inclusive, and 28, from immediately prior to the entry of appellants into the field, June 16, 1925, to appellee's filing date, November 2, 1925.

The Board refused to consider a contention made by appellants that the evidence established that the invention was made by certain persons not parties to this interference.

The Board, for the reasons stated in its decision, affirmed the decision of the Examiner awarding priority of invention upon all the counts to appellee, and from such decision of the Board this appeal is taken.

Appellants in their notice of appeal assigned thirty-one reasons of appeal. These may be grouped as to subject-matter as follows: (1) That the Patent Office tribunals had no jurisdiction to hear and determine the interference, in so far as the claims of appellee's second application are concerned, because such second application was invalid; (2) that appellee is estopped to assert the claims in his second application; (3) that the Board erred in denying appellants' motion to amend their first preliminary statement; (4) that the Board erred in its findings as to the dates of conception and reduction to practice accorded to the respective parties.

While appellants contended before the Board of Appeals that appellee had no right to make certain of the claims of his second application, because neither in appellee's patent nor his second application did he disclose a basis for said claims, and said Board ruled adversely to such contention of appellants, the reasons of appeal do not include such ruling, and it is therefore unnecessary for us to consider whether or not the Board erred in said ruling.

With respect to the claim of want of jurisdiction of the Patent Office tribunals to hear and determine the interference, appellants urge three grounds in support of such claim: (a) That to allow to appellee the claims of his second application would result either in double patenting or in a withdrawal of a dedication to the public in the patent already issued to appellee of any portion of the invention not claimed therein; (b) that there was presented to the Patent Office tribunals no "case" or "controversy" within the meaning of said terms as used in section 2 of article 3 of the Constitution of the United States; (c) that the record shows that appellee has admitted public use of the invention more than two years prior to the filing of his second application.

With respect to point (a) above stated, it is well established that the question of the right of a party to secure a patent cannot be raised in this court on appeals in interference proceedings. Gowen v. Hendry & King, 37 F.(2d) 426, 428, 17 C. C. P. A. 789; Dorer v. Moody, 48 F.(2d) 388, 18 C. C. P. A. 1188.

As was said in the opinion in said case of Gowen v. Hendry & King, supra: " * * * The question of the patentability of an alleged invention is an issue between the applicant and the Patent Office—the Patent Office representing the public."

If appellee was the prior inventor, and has in fact already received a patent for the invention, or has dedicated a part of it to the public, such fact affords no ground for an award of priority of invention to appellants; under appellants' theory, if appellee was the first inventor, his dedication to the public of the invention or a part of it should be disregarded and a patent issued to appellants, even though they were not the first inventors.

As to point (b) above stated, it is not necessary that an interference proceeding, to be valid, shall constitute a "case" or "controversy" within the meaning of said terms as used in section 2 of article 3 of the Constitution of the United States. Suffice it to say with respect to this point that the tribunals of the Patent Office are not courts; they are purely administrative bodies; and the provisions of said section 2 of article 3 of the Constitution have no reference to administrative tribunals. This is so clear that further discussion or citation of authority is unnecessary.

With respect to point (c), relating to jurisdiction, whether or not appellee has forfeited his right to a patent upon the claims in his second application, by reason of public use of the invention for more than two years prior to the filing of said second application, cannot be here determined. In the first place, appellants brought no public use proceedings in the Patent Office, as provided for in the rules of the Patent Office; and in the second place, if such proceedings had

been brought, they would have gone only to the question of whether the interference should be dissolved. If dissolved, there could, of course, be no award of priority of invention. If not dissolved, we would have no jurisdiction to review such question, for the only matter before us for determination is that of priority of invention and questions ancillary thereto. Gowen v. Hendry & King, supra; Mell v. Midgley, 31 App. D. C. 534.

In the case of Burson v. Vogel, 29 App. D. C. 388, there was directly involved the question of whether public use for more than two years could be raised upon an appeal from an award of priority in an interference proceeding. In its opinion the court said: "Whether Burson's use of his machine in his factory for more than two years before applying for a patent amounted to such public use within the meaning of section 4886, U. S. Rev. Stat., U. S. Comp. Stat. 1901, p. 3382 [35 USCA § 31], as to bar his right to a patent, is not a question which can be raised in this case, which involves priority of invention as between him and Vogel. The question is one for the consideration of the Commissioner on the final allowance of a patent."

We are clear that there was no lack of jurisdiction of the Patent Office tribunals to consider and determine the question of priority of invention between the parties hereto. There is no contention that appellee's second application did not in form comply with the statute and the rules of the Patent Office, but, upon the contrary, such application appears to be in due form, and hence cannot be held to be void upon its face, as contended for by appellants.

With respect to appellants' contention that appellee is estopped to assert any rights to a patent under his second application, upon the ground of equitable estoppel, we hold that there is nothing in the record warranting the application of the doctrine of equitable estoppel, or any doctrine akin thereto, so far as this interference proceeding is concerned.

In the case of Miller v. Hayman, 46 F. (2d) 188, 196, 18 C. C. P. A. 848, we applied, in an interference proceeding, a doctrine akin to equitable estoppel. The principle upon which it was based is found in the following quotation from the opinion: " * * * If appellant should now be permitted to prove in this proceeding that he was the first inventor, and therefore entitled to rights under the patent laws, it would be against the principles of equity and good conscience, because,

by appellant's failure to make public his invention or apply for a patent, appellee devoted his genius and, efforts and time to the discovery of that which, in fact, had been discovered by appellant, but which discovery had been concealed and suppressed by him. He did so at his peril, the risk undertaken being that another might independently and in good faith make the same invention and apply for a patent upon it, in which case appellant could not, in equity and good conscience, be awarded priority of invention in a contest between himself and the later inventor as to which had the prior right of protection of the patent laws."

In the case at bar appellants have not been prejudiced in any way by appellee's failure in his first application to make the claims that are included in his second application. It is admitted that the disclosures in both applications are substantially identical. If there be any estoppel at all against appellee, as to which we express no opinion, only the public, represented by the Patent Office, has the right to assert it, and appellants cannot secure an award of priority to themselves based upon the theory that, even though appellee be the first inventor, he has dedicated a part of his invention to the public by reason of the disclosure in his first application.

Respecting appellants' contention that the Board of Appeals erred in denying their motion to amend their first preliminary statement, we find it unnecessary to pass upon this question, for the reason that, as hereinafter stated, we find that appellee conceived and reduced the invention to practice as to all the counts prior to any established date of conception by appellants, even if said motion to amend should have been granted. It is presumed that appellants would have introduced no additional evidence had such motion to amend been granted by the Examiner of Interferences; a final ruling upon such motion was held in abeyance until final hearing with respect to priority; and appellants had full opportunity to establish, if they could, the earlier dates set out in their motion to amend.

Appellants make another contention, viz. that appellee derived the invention through parties strangers to this proceeding, and also that he derived it through appellants. With respect to the first of said contentions, the Board of Appeals correctly held that such contention could not be considered in this proceeding. Cooper v. Hubbell, 53

F.(2d) 1072, 19 C. C. P. A. 790. With respect to the second contention, viz. that appellee derived the invention from appellants, the Board of Appeals found to the contrary, and we agree with this conclusion. We find no competent evidence in the record to support this contention made by appellants.

We now come to a consideration of whether or not the Board of Appeals erred in finding that appellee was the first to conceive the invention and reduce it to practice with respect to all of the counts in issue.

As heretofore stated, the invention here in issue relates to flotation agents and methods of effecting concentration of minerals therewith. The flotation process consists in the grinding of ore to a high degree, mixing the same with a large amount of water to form a pulp, adding to the pulp suitable reagents in very small amounts, then agitating the pulp in the presence of air to produce a froth which carries the mineral particles, and skimming off the froth to recover the values.

The invention here involved includes a class of compounds obtained by the reconstruction, that is, the heating, of an oil or other organic substance having a hydroxyl group, either with phosphorus pentasulphide or with phosphorus and sulphur in the proper proportions to give phosphorus pentasulphide. The compounds obtained thereby are claimed to be powerful collectors and, to a degree, frothers. An essential element of the invention here involved is the presence of sulphur in one or the other of the forms above indicated.

The evidence introduced by the respective parties is very voluminous, consisting of nearly 500 pages of the record. We have carefully examined said evidence, and are of the opinion that the Board of Appeals was clearly right in its finding that appellee, upon whom the burden of proof rested, has established conception and reduction to practice of the invention as to all of the counts not later than April 1, 1925.

Appellants claim conception of the invention and its reduction to practice in 1922. In support of this claim, reliance is placed upon a certain laboratory experiment reported on a sheet of a laboratory record, under the caption "Sample 19," introduced in evidence as Appellants' Exhibit 2. Said laboratory record made no mention of sulphur. Both the Examiner and the Board of Appeals held that it was not established that sulphur was employed in the making of said experiment, and that, there being no other testimony of conception of the invention by appellants in 1922 which was corroborated, the earliest date which could be accorded to appellants for conception of the invention, under the evidence, was June 16, 1925. We do not see how any other conclusion could have been reached by the Board upon the record before us.

No useful purpose would be served in reviewing the evidence upon which the conclusions of the Board of Appeals are based, and we content ourselves with saying that we have no doubt concerning their correctness.

For the reasons stated, the decision appealed from is affirmed.

Affirmed.