## PHELAN v. GREEN (two cases).
### Patent Appeals Nos. 3308, 3309.

Court of Customs and Patent Appeals.
June 12, 1934.

Jones, Addington, Ames & Seibold, of Chicago, Ill. (George W. Hansen and Sidney Neuman, both of Chicago, Ill., of counsel), for appellant.

A. D. Salinger, of Boston, Mass., and C. E. Tullar, of Schenectady, N. Y., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

These are appeals in two interference proceedings from decisions of the Board of Appeals of the United States Patent Office, affirming decisions of the Examiner of Interferences, awarding priority of invention in each of said interferences to appellee Green.

With regard to interference No. 57,506, it is only necessary here to say that counsel for appellant, at the oral hearing of these appeals, abandoned the appeal in said interference; appeal No. 3309 will therefore be dismissed.

This leaves for our consideration appeal No. 3308, interference No. 56,624. This interference at one time involved three parties, and the following patent and applications:

(1) Appellant's patent No. 1,598,874, issued September 7, 1926, upon an application filed in the United States Patent Office on January 19, 1922.

(2) Appellee's application, serial No. 448,520, filed February 28, 1921.

(3) Application serial No. 720,697, filed in the United States Patent Office on June 17, 1924; said application being filed by one Mailey as a division of Mailey patent No.

1,537,921, issued May 12, 1925, upon an application filed October 10, 1923.

It thus appears that appellee is the senior party to this appeal, and the burden was upon appellant to establish priority of invention by a preponderance of the evidence.

It appears that the party Mailey did not contest the interference beyond the motion period, and thereafter only the parties Phelan and Green were involved in said interference.

The issue in this interference is stated in a single count, which reads as follows: "In an electrical contactor device for electric power circuits, a sealed container, electrodes positioned within said container, an atmosphere comprising hydrogen gas filling said container, and a body of mercury movable to make and break the circuit between said electrodes, the latter being composed of a metal that is substantially non-amalgamating with said mercury, upon the passage of an electric arc, said device being substantially non-deteriorating by reason of the inter-action of the mercury, said atmosphere and said metal electrodes."

As may be gathered from a reading of the count, the invention involved is a mercury switch, the structural details of which are not important in view of the issues presented for decision.

Both of the tribunals of the Patent Office found that Green conceived and reduced the invention to practice before Phelan ever conceived it. This finding of fact is not challenged by appellant, and the issue which he urges here, and upon which he relies, may be stated as follows:

Patent No. 1,537,921, which the Patent Office tribunals held disclosed the invention here involved, was issued to Mailey on May 12, 1925. In April, 1928, Green copied from the Phelan patent claim 9 thereof, which corresponds to the count here in issue. It is argued by appellant that, Green not having made the claim corresponding to the count in issue within two years of the issuance of the patent to Mailey, which patent was held to have disclosed the invention of the count, he is barred from asserting that he is the prior inventor as to said count. It will be observed that Green copied the claim of the Phelan patent within two years from its issue.

It is to be noted that Mailey, like Green, copied claim 9 of the Phelan patent in his divisional application, and that, while Mailey's patent disclosed the invention of the count, Mailey had no claim in said patent corresponding to the count here involved.

The sole question before us is whether appellee is estopped in this interference proceeding from making the claim corresponding to the count here in issue by reason of the fact that, while he copied the claim from appellant's patent within two years of its issue, the date of such copying was more than two years from the date of the patent to Mailey, originally a party to this interference, in which Mailey patent the invention here involved was disclosed but not claimed.

In other words, while appellee is in fact the first inventor of the device here involved, is he estopped from asserting that fact in this proceeding, and should priority of invention be therefore awarded to appellant?

It is well established that the question of the right of a party to secure a patent cannot be raised in this court on appeals in interference proceedings. In such cases the jurisdiction of this court is confined to the question of priority of invention and to such ancillary questions as may be involved therein. Stern & Huether v. Schroeder & Wagner, 36 F.(2d) 518, 17 C. C. P. A. (Patents) 690; Gowen v. Hendry, 37 F.(2d) 426, 17 C. C. P. A. (Patents) 789, and cases therein cited; Capek & Broecke v. Levis, 55 F.(2d) 476, 19 C. C. P. A. (Patents) 843; Derby v. Whitworth, 62 F.(2d) 368, 372, 20 C. C. P. A. (Patents) 791.

The real question before us is not whether the alleged laches of appellee bars him from receiving a patent to the invention here involved, but whether such alleged laches is a question ancillary to the question of priority of invention, and therefore may be considered by us upon this appeal.

Appellant relies principally upon the following cases in support of his position that appellee was guilty of laches in making the claim corresponding to the count here in issue, and that such an estoppel has thus been created as warrants an award of priority to appellant, even though he be not in fact the first inventor: Wintroath v. Chapman, 47 App. D. C. 428, modified in Chapman v. Wintroath, 252 U. S. 126, 40 S. Ct. 234, 64 L. Ed. 491; Rowntree v. Sloan, 45 App. D. C. 207; Kane v. Podlesak, 48 App. D. C. 11; De Ferranti v. Harmatta, 50 App. D. C. 393, 273 F. 357, 358; Podlesak v. McInnerney, 26 App. D. C. 399; Webster Electric Company v. Splitdorf Electrical Company, 264 U. S. 463, 44 S. Ct. 342, 68 L. Ed. 792.

The leading case relied upon by appellant is Wintroath v. Chapman, supra. In this case the Chapmans in 1909 filed an application for a patent which disclosed the invention of the interference but did not claim it.

In 1913 Wintroath obtained a patent for the invention. Twenty months after the granting of the Wintroath patent, and more than six years after the filing of their parent application, the Chapmans filed a divisional application in which they copied the claims of the Wintroath patent. Wintroath contended that the Chapmans were chargeable with laches, and therefore had no right to make the claims. The Court of Appeals of the District of Columbia sustained the contention of Wintroath, and held that the Chapmans were estopped from making the claims. There is no discussion in the opinion of the principles upon which the estoppel was based, nor was there any discussion of the theory upon which the court held that the question of the Chapmans' laches was ancillary to the question of priority of invention. However, the court cited and affirmed its ruling upon a similar question in the case of Rowntree v. Sloan, supra.

In this case Rowntree had secured a patent, and three years afterwards Sloan copied claims from said patent in an application filed by him before the issue of the patent to Rowntree. The court held that Sloan was chargeable with laches in making the claims, and that he was estopped from making them. The ground of such estoppel was stated by the court in its opinion as follows: "While in our opinion the view of the lower tribunals was correct, it is unnecessary to discuss the matter, for the reason that Sloan's laches, in failing within a reasonable time after the issuance of the Rowntree patent to make these claims, estopped him to make them at all. Re Fritts, present term, infra, 211. By his delay, if his present contention should be accepted, the life of the monopoly would be extended for a period of three years. If he thought these claims read upon his application, it was his duty promptly to make them, at least within the time allowed for amendment after office action, and his failure to do so is fatal to his present contention.  *  *  *"

It would seem that the stated ground of estoppel against Sloan was of that character which only the public, represented by the Patent Office, had the right to assert; but we have no doubt that in that case a true ground of estoppel did exist in favor of Rowntree.

The case of Wintroath v. Chapman was considered by the Supreme Court upon a writ of certiorari; Chapman v. Wintroath, supra. The decision was reversed, but only upon the ground that the lower court erred in holding that failure of the Chapmans to make the claims within one year of the issuance of Wintroath's patent constituted laches, and

held that a party could not be chargeable with laches merely because of a delay in making claims not exceeding two years from the date of the patent from which the claims were copied.

From the foregoing we think it is established that, as between a patentee and an applicant, the failure of an applicant to copy claims of the patent within two years of its publication constitutes, prima facie, laches, and in an interference proceeding between them such laches may be raised by the patentee as a ground of estoppel against the applicant.

In the case of Kane v. Podlesak, supra, the court held that, where Kane copied claims appearing first in Podlesak's reissue patent two months after its issue, but more than two years after the issuance of the original Podlesak patent disclosing the invention, Kane was estopped to make the claims from the reissue patent because the basis of the claims corresponding to the counts of the interference was found in the original patent to Podlesak. The facts in said case were distinguished from the facts in the case of Wintroath v. Chapman, supra, in that the original patent to Podlesak disclosed but did not claim the invention, while in Wintroath v. Chapman the patent both disclosed and claimed the invention involved. The decision in the Kane v. Podlesak Case was based upon the decision in Rowntree v. Sloan, supra, the court stating: "In Rowntree v. Sloan, supra, this court held that failure to make the claims of the issue on the part of one of the parties to an interference for three years after the grant of a patent to his adversary estopped him from making the claims, because the life of the patent monopoly would be extended if the party seeking to make the claims should be finally successful, citing Re Fritts, 45 App. D. C. 211. Mr. Justice Robb for the court said that the claims should have been made promptly and at least within the time allowed for amendment after office action."

The case of De Ferranti v. Harmatta, supra, involved facts similar in many respects to the facts in the case at bar. The interference involved an application of De Ferranti, filed December 29, 1911, which was a division of his earlier application filed May 14, 1904, and the application of Harmatta, filed December 3, 1903, upon which a patent was issued December 3, 1912. On July 20, 1909, a patent was issued to one Rietzel, which patent disclosed and claimed the invention in issue. Harmatta copied said claims, whereupon an interference between Harmatta and Rietzel

was declared; said interference terminating in an award of priority to Harmatta. The Thompson Electric Company was the assignee of both the Rietzel and Harmatta applications. De Ferranti copied the claims from the Harmatta patent within two years from the date of its publication, but more than four years after the issue of the Rietzel patent. The court in its opinion said:

"* * * De Ferranti filed his present application December 29, 1911, more than two years after the issue of the Rietzel patent, of which he had constructive notice. He is, therefore, clearly estopped to make claims against Rietzel. The Harmatta claims were derived from the Rietzel patent by reason of his being adjudged the prior inventor.

"The limitation of two years within which claims may be taken from a patent arises from the application of a sound principle of public policy for the prevention of the undue extension of monopoly by procrastination in the assertion of adverse rights against one already in possession."

The Board of Appeals in its decision herein, holding first that the claimed laches of appellee was not ancillary to the question of priority of invention and, second, that upon the facts shown no estoppel existed in favor of appellant, distinguished said case of De Ferranti v. Harmatta, supra, from the case at bar in that the said Rietzel patent claimed the invention there in issue, while in the case at bar the Mailey patent relied upon by appellant did not claim the invention here involved.

Appellant also relies upon the case of Webster Electric Company v. Splitdorf Electrical Company, supra. This was an infringement suit, and certain claims of a patent issued to one Kane were held to be invalid by reason of the fact that the invention was disclosed in another patent five years before the claims in question were made by Kane. We find nothing in the opinion in said case material to the question here involved. If this were an ex parte proceeding, said case might be in point; but the mere fact that, if a patent should issue to appellee upon the count here involved, it may be invalid upon the authority of said case of Webster Electric Company v. Splitdorf Electrical Company, supra, is not a ground for an award of priority of invention to appellant. The same observations are pertinent to other infringement cases cited by appellant.

Appellant also relies upon our decision in the case of Southgate v. Greene, 57 F.(2d) 374, 377, 19 C. C. P. A. (Patents) 1129. We find nothing in the opinion in this case sustaining appellant's contention. After quoting from the case of Webster Electric Company v. Splitdorf Electrical Company, supra, with respect to the two-year rule there discussed, we said: "If we are to apply this rule to printed publications which might otherwise amount to a statutory bar, we are nevertheless convinced from this record that there are special circumstances appearing from this record which make the application of the rule here not only unnecessary, but inequitable. * * * *"

We there made no holding that, if there were a statutory bar to the appellee in that case making the claims there involved, such bar could be invoked as an estoppel in favor of the appellant.

Appellant also relies upon our decision in the case of Herthel & Tifft v. Dubbs, 65 F. (2d) 138, 143, 20 C. C. P. A. (Patents) 1128. That case involved an interference between a patent to Dubbs and an application of Herthel and Tifft. The counts in issue were copied from the Dubbs patent. Herthel and Tifft moved to dissolve the interference upon several grounds, one of which charged laches against Dubbs in making the claims, and specifically alleged that the invention embodied in the counts had been carried out commercially by Herthel and Tifft more than two years before Dubbs made the claims in issue. The Patent Office tribunals refused to permit testimony to establish the alleged estoppel against Dubbs, and error was assigned with respect thereto in the appeal to this court.

We there said that: "* * * * The question presented by the issue of laches creating estoppel is one which *may* be ancillary to priority, and that the proper tribunals of the Patent Office and this court have the authority to pass upon it, and that it is a matter of duty so to do." (Italics supplied.) We then held that, under the facts in the record, there was no error in refusing to permit testimony to be taken to establish the alleged estoppel.

It is, however, significant as bearing upon the question in the case at bar that, with respect to the specific charge contained in Herthel & Tifft's motion to dissolve the interference, that Dubbs had not made the claims in issue until more than two years after Herthel & Tifft had produced and put into commercial operation a device embodying the invention in issue, we said: "* * * * Nor do we see the relevancy of testimony as to Herthel and Tifft having produced and put into commercial operation a device embodying the invention at the time claimed. This is not in

issue, so far as the record discloses, and, for the purposes of the case, might be assumed. The decision of the Commissioner of Patents, very aptly we think, points out that the question of whether Herthel and Tifft 'have acquired some right to continue the commercial exploitation which should not be disturbed,' *is not one to be passed upon in this proceeding relating to priority.*" (Italics supplied.)

From the foregoing it appears to us that said case is fully in harmony with our conclusions herein.

It is unnecessary to review other cases relied upon by appellant here. While the cases reviewed establish that laches may exist, creating an estoppel in favor of a patentee in interference proceedings in certain cases, we are not disposed to extend the rule to a case such as is here involved, for we are unable to discern in the case at bar any ground upon which an estoppel could rest *in favor of appellant.*

Mailey disclosed the invention in a patent more than two years before appellee made the claims here involved; but Mailey did not claim the invention. Appellee copied the claims from appellant's patent within two years of its issue. There was no privity between Mailey and appellant. While an estoppel might have existed against appellee and *in favor of Mailey,* had Mailey made the claims within two years of the issue of his patent, we do not see how an estoppel can be said to exist *in favor of appellant.* Appellee may be estopped from claiming a patent upon the count here involved; but, if so, it seems to us that it is an estoppel in favor of the public and not in favor of appellant. This will be a matter for further ex parte consideration by the Patent Office tribunals, with which we are not here concerned.

We think a statement found in our opinion in the case of Derby v. Whitworth, supra, is applicable here. Respecting a claim of estoppel upon a different ground than is here involved, we there said: "* * * If there be any estoppel at all against appellee, as to which we express no opinion, only the public, represented by the Patent Office, has the right to assert it, and appellants cannot secure an award of priority to themselves, based upon the theory that, even though appellee be the first inventor, he has dedicated a part of his invention to the public by reason of the disclosure in his first application."

In the case at bar we find no laches on the part of appellee creating an estoppel *in favor of appellant,* and therefore if any estoppel exists it is not ancillary to the question of priority of invention, which is the primary issue before us.

As it is conceded that the evidence establishes that appellee was the first to conceive and reduce the invention to practice, the decision of the Board of Appeals in appeal No. 3308 is affirmed, and, for the reason stated in the beginning of this opinion, appeal No. 3309 is dismissed.

Affirmed.

HATFIELD, Associate Judge, did not participate.